■ SOPASIS CONSTRUCTION, INC., Respondent, v STEPHEN SOLOMON et al., Defendants and Third-Party Plaintiffs-Appellants. EMMANUEL SOPASIS, Third-Party Defendant. [650 NYS2d 13] —In an action to foreclose a mechanic's lien and to recover damages for breach of contract, the defendants third-party plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered July 21, 1995, as denied the branch of their motion which was for summary judgment dismissing the complaint, and (2) the portion of so much of an order of the same court entered October 20, 1995, as, upon reargument, adhered to so much of the prior determination which denied summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered July 21, 1995, as denied the branch of the motion by the defendants third-party plaintiffs which was for summary judgment dismissing the complaint is dismissed, as that part of the order was superseded by the order entered October 20, 1995, made upon reargument; and it is further,

Ordered that the order entered October 20, 1995, is reversed insofar as appealed from, on the law, the branch of the motion by the defendants third-party plaintiffs which was for summary judgment dismissing the complaint is granted, the complaint is dismissed, and the order entered July 21, 1995, is amended accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

In December 1988 the defendants third-party plaintiffs Stephen and Barbara Solomon (hereinafter the appellants), signed a contract for the renovation of their home with the third-party defendant Emmanuel a/k/a Manny Sopasis. Sopasis was the sole shareholder of the plaintiff corporation Sopasis Construction, Inc. (hereinafter the corporation). The contract identified Sopasis as the contractor and made no mention of the corporation. After many months of work on the appellants' home, the appellants professed dissatisfaction with the job and terminated the contractor's services. In 1990 the corporation filed a mechanic's lien upon the appellants' property claiming that it was owed payment for the work performed. The corporation then commenced the instant action against the appellants to foreclose the lien and for damages for breach of contract. The lien was vacated in 1991 and the lis pendens was withdrawn in 1995. The appellants subsequently moved for summary judgment dismissing the remaining cause of action to recover damages for breach of contract, contending that the corporation was not a party to the contract, and therefore lacked standing to commence the action. The court denied the motion, and on reargument adhered to its denial of summary judgment, finding that an issue of fact existed as to whether the parties had intended that the corporation, rather than Sopasis individually, would perform the work. We now reverse.

Contrary to the Supreme Court's determination, the identity of the parties to the contract at issue was clear and unambiguous, and thus parol evidence was inadmissible to modify or contradict the terms of the writing (*see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573; *Edgreen v Learjet Corp.,* 180 AD2d 562, 563). The contract named the individual third-party defendant Sopasis as the contractor, and made no mention of the corporation. Moreover, there is no indication that Sopasis

signed the contract in his capacity as president of the corporation. Given the lack of any ambiguity as to the parties to the contract, the Supreme Court erred in finding that the affidavits of the parties raised an issue of fact that precluded summary judgment. Since the contract is clear on its face that Sopasis Construction, Inc., was not party thereto, summary judgment in favor of the appellants is proper.

The corporation's remaining contentions are without merit. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.