■ SOPASIS CONSTRUCTION, INC., Respondent, v STEPHEN SOLOMON et al., Appellants. (And a Third-Party Action.) [677 NYS2d 147] —In an action, *inter alia,* for reformation of a contract and to recover damages for breach of the reformed contract, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Silverman, J.), entered September 27, 1996, which granted the plaintiff's motion for

leave to amend the complaint, and (2), as limited by their brief, from so much of an order of the same court, entered July 31, 1997, as (a) denied that branch of their motion which was for summary judgment dismissing the amended complaint, and (b) denied that branch of their motion which was for leave to reargue and/or renew the prior motion.

Ordered that the appeal from the order entered September 27, 1996, is dismissed as untimely (*see,* CPLR 5513); and it is further,

Ordered that the appeal from so much of the order entered July 31, 1997, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order entered July 31, 1997, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendants, Stephen Solomon and Barbara Solomon, are identified as the owners, and Manny Sopasis is identified as the contractor, in a "standard form of agreement between owner and contractor" dated December 12, 1988. On a prior appeal, this Court held that the plaintiff, Sopasis Construction, Inc., had no standing to sue the defendants for damages based on the alleged breach of this contract (*see, Sopasis Constr. v Solomon,* 233 AD2d 385).

By order entered September 27, 1996, prior to this Court's decision and order dated November 12, 1996, in *Sopasis Constr. v Solomon (supra),* the Supreme Court granted the plaintiff's motion for leave to amend its complaint to assert (1) a cause of action for reformation of the contract so as to reflect the corporate plaintiff, rather than Manny Sopasis, as the designated contractor, (2) a cause of action for damages based on the breach of such contract, (3) a cause of action for damages based on the plaintiff's furnishing of materials and services in addition to those specified in the written contract, and (4) a cause of action for damages based on quantum meruit. The defendants' subsequent motion, *inter alia,* for summary judgment dismissing the amended complaint was denied by order entered July 31, 1997.

The defendants purport to appeal from both of the orders noted above. However, in light of the date on which the order entered September 27, 1996, with notice of entry thereof, was served upon the defendants (*see, Norstar Bank v Office Control Sys.,* 78 NY2d 1110), the filing of the defendants' notice of appeal from this order was untimely. The appeal therefrom must therefore be dismissed.

We do not agree with the defendants that by denying their motion, *inter alia*, for summary judgment dismissing the amended complaint, the Supreme Court violated the doctrine of law of the case. This Court's order in *Sopasis Constr. v Solomon (supra)* did not address the merits of the causes of action pleaded in the amended complaint, and the defendants failed to demonstrate an entitlement to summary judgment on these causes of action.

We have examined the defendants' remaining contentions and find them to be without merit. Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.