■ MARY PETROVICH, Respondent, v RADA OBRADOVIC, Appellant. [837 NYS2d 265]—

In a matrimonial action in which the plaintiff and the defendant's decedent were divorced by a judgment dated July 14, 2000, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 16, 2006, as denied the decedent's motion, inter alia, for reimbursement of college expenses, directed the use of two qualified domestic relations orders to effectuate the distribution of funds from the plaintiff's 401 (k) plan to the daughters of the

plaintiff and the decedent, and awarded the plaintiff an attorney's fee in the sum of $3,000.

Ordered that the appeal from so much of the order as directed the use of two qualified domestic relations orders to effectuate the distribution of funds from the plaintiff's 401 (k) plan to the daughters of the plaintiff and the decedent is dismissed, as the defendant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $3,000; as so modified, the order is affirmed insofar as reviewed, with costs payable to the plaintiff.

The defendant's decedent, Momcilo Petrovich, and the plaintiff, Mary Petrovich, were divorced by judgment dated July 14, 2000. The judgment incorporated, but did not merge the parties' stipulation of settlement (hereinafter the stipulation). Subsequently, the plaintiff and the decedent entered into an agreement which modified certain terms of the stipulation (hereinafter the modification agreement). According to the terms of the stipulation and the modification agreement, the decedent and the plaintiff agreed to share payment of the college expenses of their two daughters. The plaintiff agreed to reimburse the decedent for his share of their daughters' college expenses from her retirement fund, a 401 (k) plan, after she reached the age of 59 1/2 years old. The decedent agreed to waive his right to any equitable distribution claim he had concerning the plaintiff's retirement fund.

The modification agreement added a provision that pertained to the disposition of the decedent's reimbursement in the event of his death. The provision stated that if he died prior to reimbursement, his reimbursement from the retirement fund would be distributed to their daughters in equal shares. The modification agreement further specified that the decedent should be reimbursed no later than July 5, 2004.

On June 1, 2004 the decedent requested full reimbursement from the plaintiff for college expenses he paid for the two daughters. The plaintiff disputed his right to full reimbursement and contended that her retirement fund had declined in value to the point that full reimbursement was not possible. After several months of negotiations, they failed to reach an agreement. In or about April 2005, the decedent moved, inter alia, for reimbursement of the college expenses. On July 1, 2005 he died and the defendant, the decedent's wife at the time of his death, was appointed as the administratrix of his estate. Thereafter, the Supreme Court denied the pending motion, directed

the use of two qualified domestic relations orders to effectuate the distribution of the decedent's reimbursement share in the plaintiff's 401 (k) plan to the daughters, and awarded the plaintiff an attorney's fee in the sum of $3,000.

On appeal, the defendant contends, inter alia, that the stipulation and modification agreement executed by the decedent and the plaintiff indicated that the estate should receive the decedent's share of reimbursement of college expenses, rather than his daughters, in the event of his death after July 5, 2004. The defendant further contends that the award of an attorney's fee to the plaintiff was improper.

A stipulation of settlement in a matrimonial action is a contract subject to the principles of contract interpretation (see *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Clark v Clark*, 33 AD3d 836 [2006]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]). Thus, where the stipulation is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher, supra* at 109; *see Perry v Perry*, 13 AD3d 508, 509 [2004]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]).

Here, the stipulation unambiguously provided that, after his death, the decedent's reimbursement share should be distributed to his two daughters in equal shares. Contrary to the defendant's contention, there is no language in the modification agreement or the stipulation to indicate that the provision regarding the decedent's death would only be triggered if he died prior to July 5, 2004, or prior to the daughters' completion of their college educations. Additionally, there is no language to indicate that the decedent and the plaintiff ever agreed that his reimbursement share would be distributed to his estate. Therefore, the Supreme Court properly denied the motion and directed that the decedent's reimbursement share be distributed to his daughters.

Under the terms of the stipulation, there was no default or breach by the defendant to support an award of attorney's fees to the plaintiff. Thus, the court erred in awarding the plaintiff an attorney's fee in the sum of $3,000.

The defendant's remaining contention is without merit. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.