TILDEN DEVELOPMENT CORP., Appellant-Respondent, v MARIA NICAJ et al., Respondents-Appellants, et al., Defendant. [854 NYS2d 418]—

The plaintiff Tilden Development Corp. (hereinafter Tilden Development) entered into a written contract with the defendants Maria Nicaj and Gjelosh Nicaj (hereinafter the sellers) to purchase certain real property in Queens. Alleging a breach by the sellers, Tilden Development commenced this action to foreclose a vendee's lien and to recover its down payment and related expenses. It also filed a notice of pendency. The sellers moved to dismiss the complaint insofar as asserted against them pursuant to, inter alia, CPLR 3211 (a) (3). The sellers contended that Tilden Development lacked the capacity to sue them because inquiries had revealed Tilden Development to be a nonexistent entity. On the same basis, the sellers separately moved to cancel the notice of pendency. The sellers also sought cancellation of the notice of pendency on the ground that this was an action for money only and, therefore, would not affect the title, use, possession, or enjoyment of the property. In opposition, Tilden Development did not dispute that it was a nonexistent entity. Rather, alleging misnomer, it cross-moved to amend the caption to name Tilden Management Corp. (hereinafter Tilden Management) as the plaintiff, and for leave to serve and file an amended complaint to add a cause of action to reform the underlying contract to name Tilden Management as the purchaser. Tilden Development asserted that Tilden Management, a duly-authorized corporation, was the intended purchaser of the property and the proper plaintiff herein. The Supreme Court granted Tilden Development's cross motion and, consequently, denied, as academic, the sellers' motion to dismiss the complaint based on a lack of capacity. However, the court granted the sellers' motion to cancel the notice of pendency on the ground that the action was one for money only.

The Supreme Court did not err in permitting the amendment of the caption to name Tilden Management as the plaintiff. The sellers did not demonstrate that they would be prejudiced by

the amendment (*see Londono v Altenkirsch,* 261 AD2d 589 [1999]; *First Wis. Trust Co. v Hakimian,* 237 AD2d 249 [1997]; *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77 [1973]). Consequently, the notice of pendency should also be amended to name Tilden Management as the plaintiff (*cf. Key Bank Natl. Assn. v Stern,* 14 AD3d 656 [2005]).

Similarly, the Supreme Court providently exercised its discretion in granting Tilden Development leave to file and serve an amended complaint adding an additional cause of action to reform the underlying contract to name Tilden Management as the purchaser (*see G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95 [2007]). The sellers did not demonstrate that they would be prejudiced or surprised by the proposed amendment and, on the record presented, it cannot be said that the proposed amendment is palpably insufficient or patently devoid of merit (*id.; see Sopasis Constr. v Solomon,* 253 AD2d 489 [1998]).

Consequently, the Supreme Court properly denied, as academic, the sellers' motion to dismiss the complaint insofar as asserted against them based on a lack of capacity (*see 442 Decatur St., LLC v Spheres Realty, Inc.,* 14 AD3d 535 [2005]).

Since the action seeks to foreclose a vendee's lien, the Supreme Court erred in granting the sellers' motion to cancel the notice of pendency on the ground that this action is one for money only (*see Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.,* 269 NY 56 [1935]; *Wilson v Power House Dev. Corp.,* 12 AD3d 505 [2004]).

The parties' remaining contentions are without merit. Ritter, J.P., Santucci, Miller and Balkin, JJ., concur. [*See* 2007 NY Slip Op 30207(U).]