■ BARBE RAMON, Respondent, v JULIO RAMON, Appellant. [855 NYS2d 184]—

A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation (*see Petrovich v Obradovic*, 40 AD3d 1063, 1065 [2007]; *Clark v Clark*, 33 AD3d 836, 837 [2006]; *Sieratzki v Sieratzki*, 8 AD3d 552 [2004]; *De Luca v De Luca*, 300 AD2d 342 [2002]). Where the stipulation is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Perry v Perry*, 13 AD3d 508, 509 [2004]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]).

In this case, the child support provisions of the parties' stipulation of settlement, which were incorporated but not merged

into the parties' divorce judgment, provided that the child support obligation would be adjusted annually to reflect "income changes and major financial changes" of the parties "according to the Child Support Standards Act" (see Domestic Relations Law § 240 [1-b]). The stipulation set forth both the initial annual and monthly payments of child support to be made by the defendant—amounting to the statutory guideline percentage rate of 17% applicable to his total income, less certain deductions (see Domestic Relations Law § 240 [1-b] [b] [3] [i])—and set forth his income as of the date of the stipulation, which substantially exceeded $80,000 (see Domestic Relations Law § 240 [1-b] [c]).

The Supreme Court properly determined that the defendant failed to establish that the stipulation was unfair or inequitable at the time it was made, or that a substantial, unanticipated, and unreasonable change in circumstances had occurred resulting in a concomitant need (see Merl v Merl, 67 NY2d 359, 362 [1986]; Matter of Davis v Davis, 13 AD3d 623, 624 [2004]; Rich v Rich, 234 AD2d 354 [1996]), so as to warrant its modification.

The defendant's contention that the Supreme Court erred in failing to impose a cap on the combined parental income, upon which his child support obligation may be based, is without merit. The stipulation of settlement contains no provision for such a cap (see Phillips v Phillips, 300 AD2d 642, 644 [2002]).

The parties' remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.