■ JP MORGAN CHASE BANK, N.A., Appellant, v CELLPOINT INC., Doing Business as CELLPOINT, INC., Respondent. [865 NYS2d 219]—

In an action to enforce a guaranty, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated

September 10, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of frauds.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint is denied.

The plaintiff JP Morgan Chase Bank, N.A. (hereinafter Chase) commenced this action to enforce an alleged guaranty by the defendant, Cellpoint Inc., doing business as Cellpoint, Inc. (hereinafter Cellpoint). The guaranty was set forth in a stipulation of settlement executed in an unrelated action brought by Chase against nonparty Midtown Distributors Corp. (hereinafter Midtown) and its president, nonparty Eduardo Schechter, to collect on a promissory note. Schechter is also the president and owner of Cellpoint. Cellpoint moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of frauds on the ground that the stipulation was not signed by anyone purporting to act on behalf of Cellpoint. In opposition, Chase argued, inter alia, that Schechter signed the stipulation on behalf of Cellpoint. Indeed, Chase noted, Cellpoint made 13 payments due under the stipulation for a total of $77,500. The Supreme Court granted Cellpoint's motion. We reverse.

A stipulation of settlement is a contract subject to principles of contract interpretation (*see McCoy v Feinman,* 99 NY2d 295, 302 [2002]; *Ramon v Ramon,* 49 AD3d 843 [2008]). Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (*see Ramon v Ramon,* 49 AD3d 843 [2008]). Extrinsic evidence may be used to clarify ambiguities, but not to create them (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162-163 [1990]). Whether or not a writing is ambiguous is a question of law to be resolved by the courts (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d at 162). Specific to the stipulation at issue, General Obligations Law § 5-701 (a) (2) requires that an agreement answering for the debt or default of another must be in writing and "subscribed by the party to be charged therewith, or by his lawful agent" (*see Eurofactors Intl., Inc. v Jacobowitz,* 21 AD3d 443 [2005]). Here, the stipulation at issue satisfies the writing requirement of General Obligations Law § 5-701 (a) (2). Paragraph 5 of the stipulation expressly provides that "Cellpoint, Inc. [f]ully guarantees the payments set forth herein." Thus, the issue presented is whether the stipulation was subscribed on behalf of Cellpoint. We find the stipulation ambiguous as to that issue.

On its face, the stipulation provides for a guaranty by an

entity (Cellpoint) that is not a party to the underlying litigation and whose relation, if any, to the underlying litigation and/or the parties thereto is not explained. Further, the name "Cellpoint" is not on the signature page of the stipulation. Cellpoint argues that because Schechter was a party to the litigation giving rise to the stipulation, it must be presumed that Schechter signed it in that capacity only. However, Schechter's signature line on the stipulation does not disclose the capacity in which he signed it. For example, he is not designated as a "defendant." Nor does the stipulation indicate that he signed it in his individual capacity. Rather, as noted by Chase, Schechter's signature appears next to the introduction "By:", which may be construed to indicate that he was acting in a representative capacity. Indeed, Schechter's signature on the stipulation as a mere party to the underlying litigation was not strictly necessary. The stipulation was signed by his attorney, which was sufficient to bind him personally (*see* CPLR 2104; *Eastman v Steinhoff,* 48 AD3d 738 [2008]). Finally, Schechter's signature appears after the signature for Chase's counsel but before the signature for counsel for the "Defendants," which may be read to indicate that he was not providing his signature as a mere defendant in the underlying litigation. In sum, the stipulation is ambiguous as to the capacity in which Schechter signed it. Thus, extrinsic evidence as to that issue properly may be considered (*see e.g. Stuyvesant Plaza v Emizack, LLC,* 307 AD2d 640 [2003]; *cf. Sopasis Constr. v Solomon,* 233 AD2d 385 [1996]). However, the extrinsic evidence in the record on appeal does not resolve this issue as a matter of law. Thus, Cellpoint's motion should have been denied (*see Town of Poughkeepsie v Espie,* 41 AD3d 701 [2007]; *Panish v Panish,* 24 AD3d 642 [2005]). Skelos, J.P., Miller, Carni and Chambers, JJ., concur.