D.N. v T.N. (2024 NY Slip Op 50543(U))

[*1]

D.N. v T.N.

2024 NY Slip Op 50543(U)

Decided on May 8, 2024

Supreme Court, Nassau County

Lorintz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 8, 2024
Supreme Court, Nassau County

D.N., Plaintiff,

against
T.N., Defendant.

Index No. XXXXXX/XX

Plaintiff's Counsel
Steven Donald Kommor
425 Broadhollow Road Suite 420
Melville, NY 11747 
(516) 238-9682 - Phone
skommor&commat;skommorlaw.com
Defendant's Counsel
Stephanie Mathiesen, Esq.
ZIMMER, MATHIESEN & ASSOC. 
6080 Jericho Tpke Ste 319
Commack, NY 11725
(631) 493-0278 - Phone 
stephanie&commat;zmdivorcelaw.com 
hunter&commat;zmdivorcelaw.com

Joseph H. Lorintz, J.

The following papers read on this motion:
Order to Show Cause, Affirmation, Affidavit and Exhibits (Mot. Seq. 12) x
Upon the aforementioned papers, the Plaintiff moves by Order to Show Cause (Mot. Seq. 12) seeking the following relief:
A. Upwardly modifying the Defendant's child support obligations and adjusting his pro rata share of child add-on expenses pursuant Domestic Relations Law §240-c; §236(B)(9)(b) and Family Court Act §451;
B. A determination of the Defendant's responsibility for his pro rata share of the [*2]children's college expenses as those expenses are defined in the Stipulation of Settlement dated March 28, 2017.
C. Directing the Defendant to pay his pro rata share of future college expenses for the children as those expenses are defined in the Stipulation of Settlement dated March 28, 2017.
D. Directing the Defendant to pay his past pro rata share of college expenses on behalf of the parties' oldest daughter which have already been incurred for the 2022-2023 school year, 2023 summer school session, and the 2023-2024 school session.
E. Directing the Defendant to immediately satisfy any past due balances owed to Plattsburgh University or any third parties for college expenses incurred by the parties' oldest daughters as those expenses are defined in the Stipulation of Settlement dated March 28, 2017.
F. Directing the Defendant to immediately repay any existing private college loans taken out by the parties' oldest daughter.
G. Requiring the Defendant to immediately pay the parties' oldest daughters off campus housing expenses for the Fall of 2023 and Spring of 2024.
H. Requiring the Defendant to immediately provide proof of a current policy of Life Insurance in the amount of $500,000.00, as required under Article 17 of the parties' Stipulation of Settlement.
I. For such other and further relief as this Court may deem just and proper.
BACKGROUND
The Plaintiff and the Defendant (the "parties") were married on October 6, 2001. There are three (3) children born of the marriage: G. N. (age 19), E. N. (age 15), and V. N. (age 13). The Plaintiff commenced an action for divorce on XXX, XX, 2014. All ancillary issues were resolved by a Stipulation of Settlement dated March 28, 2017 (the "Stipulation"). The parties were divorced by a Judgment of Divorce dated October 4, 2017 (Lorintz, J.) (the "Judgment"). The Judgement incorporated, but did not merge with, the Stipulation.
Pursuant to the Stipulation, the Plaintiff was awarded sole physical and residential custody of the unemancipated children of the marriage and the Defendant was to have parenting time pursuant to the Stipulation. According to the Plaintiff, the Defendant ceased having any contact with the children on February 6, 2015.
Pursuant to Article 15 of the Stipulation, the Defendant was to pay the Plaintiff child support in the amount of $2,495.62 per month in equal biweekly installments pursuant to an Income Deduction Order. At the time the parties entered into the Stipulation, the Plaintiff represented that her gross income for the 2015 year was $0. The Defendant represented that his gross income was $138,402.12. After deducting FICA, Medicare and Spousal Maintenance, the Defendant's Gross CSSA Income was determined to be $103,267.29. Twenty-nine (29%) percent of the Defendant's Gross CSSA Income was determined to be $29,947.51 per year and $2,495.62 per month.
In regard to modification of the Defendant's child support obligation, Paragraph 14 of Article 15 of the parties' Stipulation provides the following:
14. The parties acknowledge the existence of certain statutes which relate to the modification of the Husband's child support obligation, which statutes include Social Services Law §111-n (a/k/a "Review and cost of living adjustment of support orders"), Domestic Relations Law§240-c, and Domestic Relations Law §236(B)(9)(b), FCA §451, as well as may otherwise be set forth in statute and/or "case law." As such, the parties [*3]acknowledge and understand that each party has a right to seek a modification of the child support upon a showing of (i) a substantial change of circumstances, (2) that three (3) years has passed since the order was entered, last modified or adjusted, or (3) that there has been a change in either parties gross income by 15% or more since the order was entered, last modified or adjusted unless the parties opt-out of subparagraphs (ii) or (iii). The parties herein do not opt-out of said statute.
In regard to College Expenses, Paragraph 1 through Paragraph 4 of Article 18 of the parties' Stipulation provides the following:
1. The parties acknowledge that they have not made any provisions for the payment of any children's college education in this Stipulation, due to many factors, not the least of which are the ages of the children, as well as the uncertainty of each party's future financial circumstances. However, upon G.N., E.N. and/or V.N. being accepted for admission by a college or university, the parties shall endeavor to agree upon the allocation of costs for the education of said child. If they are unable to agree then, in that event, either party shall have the right to make application to a court of competent jurisdiction for an order directing the other party to make a contribution towards the college expenses of said child, it being understood by the parties that their silence in this Stipulation regarding the allocation of college costs shall not be construed as an agreement to absolve either of them from a responsibility to pay same, nor shall same be construed as an obligation for either party to pay same. Furthermore, in any event, it is agreed that said costs and expenses are capped and limited to those as if said child(ren) attends the State University of New York at Binghamton as an in-State student, and are limited, in any event, to only costs and expenses actually incurred.
2. In any event, the "cost and expenses" of college are defined to include, and shall mean tuition, room & board, registration fees, required books, laboratory materials & fees, required activity fees, college application fees (limited to five schools), as well as reasonable transportation expenses to and from school for the children at the beginning and end of each semester. Such expenses shall also include the reasonable cost of one (1) SAT and one (1) Achievement Test Preparation course. In any event, either party's obligation to contribute to the college costs and expenses incurred by or on behalf of either child shall only be after allowance for grants, tuition assistance, aid, and scholarships. Each party's share, if any, of the aforesaid costs and expenses shall be paid directly to said college or university.
3. In the event any child is enrolled in a college or university, and in the event the child resides away from the Wife's residence, and in the event the Husband has an obligation to contribute to said costs and expenses then, in that event, the Husband's child support obligation shall be reduced dollar for dollar for each dollar that the Husband actually pays (out of pocket) toward said child's room and board, but said credit-reduction shall not exceed the Husband's total basic child support obligation payable on behalf of said individual child, as said amount is defined in the Child Support Standards Act.
4. The children shall apply for financial aid and scholarships prior to either party contributing toward said college expenses as set forth at paragraph 2 above.
In regard to Life Insurance, Paragraphs 1 and 4 of Article 17 of the parties' Stipulation provides the following:
1. The parties agree and stipulate that the Husband shall maintain at his own individual cost and expense, and until the children are deemed emancipated, a life insurance policy with a death benefit of at least Five Hundred Thousand ($500,000.00) Dollars insuring and covering his life, naming the unemancipated children as equal, exclusive beneficiaries of said $500,000.00 death benefit, and naming the Wife as the custodian/guardian of said death benefit proceeds of said policy (or policies) on behalf of and for the benefit of said children. Alternatively, the Husband is permitted to utilize an existing policy and to designate the requisite death benefit percentage of said policy in order to satisfy this obligation provided that said existing policy has a death benefit of at least $500,00.00.
Said policy (or policies) shall remain in full force and effect until said children are deemed emancipated or until the last payment due hereunder for child support is made, including any arrears, if any, whichever is later. The Husband is permitted to cancel said policy (or policies) upon the emancipation of all three children, or designate an alternate beneficiary(ies) of the Husband's choosing.
4. The Husband shall provide to the Wife, upon reasonable request (limited to two times per year), proof that all insurance policies are in full force and effect in accordance with the terms of this Stipulation. In addition thereto, the Husband agrees to execute an authorization, to be drafted by counsel for the Wife, permitting the Wife to contact the Husbands life insurance company and request proof/verification of the existence of said policies as well as to determine the beneficiaries, as well as the amount of the death benefit.
The Plaintiff presented her proposed Order to Show Cause seeking several TRO's on December 19, 2023. The Plaintiff was represented by Steven D. Kommor, Esq. and the Defendant was represented by Stephanie Mathiesen, Esq. None of the TRO's were granted upon the signing of the Order to Show Cause. A return date of the Order to Show Cause was given for January 17, 2024. On January 17, 2024, the counsel for the Defendant requested additional time to respond to the Plaintiff's Order to Show Cause. A briefing schedule was agreed upon whereby the Defendant would file his opposition or cross-motion by noon on January 23, 2024 and any opposition or reply by the Plaintiff would be filed that evening. The motion was to be calendared for January 24, 2024 and the parties and their counsel were to appear on that date. On consent, the appearance scheduled for January 24, 2024 was adjourned to January 31, 2024. On January 31, 2024, the parties and their counsel appeared before this Court. At that appearance, a final briefing schedule was agreed upon. The Defendant's opposition was to be filed by February 16, 2024 and any reply by the Plaintiff was to be filed by February 23, 2024. The motion was to be fully submitted on February 23, 2024 without any further appearances. Mot. Seq. 12 was fully submitted without opposition on February 23, 2024.
DISCUSSION
CHILD SUPPORT
The Plaintiff seeks an Order increasing the amount of the Defendant's child support obligation to $3,347.75 per month based upon the Defendant's 2022 income of $167,000.00, [*4]which income information she claims is accessible to the public online as the Defendant is a Nassau County Police Officer (See Exhibit D attached to the Plaintiff's Order to Show Cause). The Defendant has not submitted any evidence to refute the accuracy of the information provided concerning the Defendant's income. Based upon the Plaintiff's Statement of Net Worth (Exhibit C) the children's needs have increased and are not being met at the current support levels.
Settlement agreements in matrimonial actions are enforceable contracts between the parties. Petrovovich v Obradovic, 40 AD3d 1063 (2nd Dept. 2007). In Etzion v Etzion, 84 AD3d 1015 (2nd Dept. 2011) the Court held that
Parties are free to enter into agreements that 'not only bind them, but which the courts are bound to enforce' (Greve v Aetna Live-Stock Ins. Co., 30 NYS 668, 670 [1894]). Marital contracts are 'subject to principles of contract [construction and] interpetation' (Rainbow v Swisher, 72 NY2d 106,109 [1988]; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990]; Girardin v Girardin, 281 AD2d 457, 457 [2001]).
"Where an agreement is clear and unambiguous on its face, the parties' intent must be construed within the four corners of the agreement and not from extrinsic evidence." Khorshad v Khorshad, 121 AD3d 857 (2nd Dept. 2014). It is well settled that "[s]tipulations of settlement are favored by the courts and not lightly cast aside. Sontag v Sontag, 114 AD2d 892 (2nd Dept. 1985) quoting Hallock v State of New York, 64 NY2d 224 (1984).
Here, recalculation of the parties' child support obligations is governed by Paragraph 14 of Article 15 of the Stipulation. Therein, the parties acknowledge that they are aware of the provisions of DRL § 236(B)(9)(b) and FCA § 451, which provide:
[U]nless the parties have specifically opted out of the following provisions in a validly executed agreement or stipulation entered into between the parties, the court may modify an order of child support where: (A) three years have passed since the order was entered, last modified or adjusted; or (B) there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted.
The Stipulation further provides: "The parties herein do not opt-out of said statute."
In calculating child support, the Court must consider the guidelines set forth in DRL § 240(1-b)(f) and the factors which permit a deviation from the standard calculation, as delineated in DLR §240(1-b)(f), such as the financial resources of the custodial and non-custodial parent and those of the children, the physical and emotional health of the children, and their educational or vocational needs and aptitudes, as well as the non-monetary contributions that the parents will make toward the care and well-being of the children. (See Formato v. Formato, 173 AD2d 274 [1st Dept. 1991]). Additionally, the Court must take into account the shelter costs attributable to the children in order to avoid duplication of awards (Linda R.H. v. Richard E.H., 205 AD2d 498 [2d Dept. 1994]).
Here, it is undisputed that both parties' incomes have deviated by more than 15%, and more than three years have passed, since the Judgment was entered. According to their Stipulation, the Plaintiff's 2015 annual income was $0 and the Defendant's 2015 annual income [*5]was $138,402.12. The Plaintiff's current income, as reported in her Statement of Net Worth is $29,584 and the Defendant's income, as reported publicly online, is $167,000.00. Thus, the Plaintiff's adjusted income for the purpose of calculating child support is $27,321 and the Defendant's adjusted income is $154,646.00.[FN1]
The parties combined income is equal to $181,967. The Plaintiff's pro rata share of the parties' combined income is 15% and the Defendant's pro rata share is 85%. Pursuant to the CSSA, child support is presumptively calculated up to a combined income of $183,000.00. Thus, the Plaintiff's presumptive child support obligation for the three (3) children is $7,916.00 per year (15% [Plaintiff's pro rata share of income] of $52,770.00 [29% of statutory income cap]) or $659.63 per month. The Defendant's presumptive child support obligation for the three (3) children is $44,854.86 per year (85% [Defendant's pro rata share of income] of $52,770.00 [29% of statutory income cap]) or $3,737.90 per month.
Accordingly, it is hereby
ORDERED, that the Defendant's obligation to pay the Plaintiff child support as and for the support of the three (3) children is increased to $3,737.90 per month, retroactive to December 19, 2023 (the date Mot. Seq. 12 was submitted to be signed by this Court)
COLLEGE EXPENSES
The Plaintiff seeks an Order directing the Defendant to pay his pro rata share of the children's college expenses. Pursuant to Article 18 of the Stipulation, as a result of the parties failure to agree to contribute to the cost of the children's college expenses, they left it up to each party to apply to a court of competent jurisdiction to decide whether each party was responsible for contributing to the children's college expenses. The parties did agree, however, to cap the cost of any college expenses based upon the costs associated with attending SUNY Binghamton less any financial awards the child(ren) received. The Plaintiff has provided a Financial Transaction Summary together with all billing statements from SUNY Plattsburgh, the college the parties' oldest child attends. (See Exhibit H)
DRL § 240 (1-b) (c) (7) provides:
Where the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary, private, special, or enriched education for the child is appropriate, the court may award educational expenses. The non-custodial parent shall pay educational expenses, as awarded, in a manner determined by the court, including direct payment to the educational provider.
In the instant matter, the parties' oldest child is already attending college. The parties addressed the possibility that they would have to contribute to their children's college education by outlining the parameters of that financial obligation in their Stipulation. As such, ordering the Defendant to contribute towards the parties' oldest daughter's college expenses is appropriate. Ordering the Defendant, at this time, to contribute to the younger children's college expenses, is [*6]not appropriate. (See Repetti v. Repetti, 147 AD3d 1094 (2nd Dept. 2017).
As calculated above, the Plaintiff's pro rata share of the parties' combined income is 15%, and the Defendant's pro rata share is 85%. Considering Article 18 of the Stipulation, the Plaintiff's uncontroverted factual claims, and all the facts and circumstances discussed herein, the branch of the Plaintiff's application seeking an Order determining the Defendant's obligation to pay the children's college expenses is GRANTED; and it is hereby
ORDERED, that college expenses for the parties' oldest daughter shall be paid by the parties as follows: 15% by the Plaintiff and 85% by the Defendant; and it is further
ORDERED, that the amount of the parties' combined obligation to pay college expenses for their oldest child shall be calculated on a per-semester basis by subtracting any scholarships, grants, and/or other monetary awards received by the child that do not have to be paid back from the from the sum of expenses incurred by the child for that semester, which expenses are defined in Article 18, Paragraph 2 of the Stipulation. However, the parties' combined obligation shall not exceed the cost of attending the State University of New York at Binghamton for an in-state student in the equivalent semester; and it is further,
ORDERED, that within thirty (30) days of the service of this Decision and Order with Notice of Entry, the Plaintiff shall provide the Defendant with a complete, unredacted, and legible copy of all college expense invoices, award letters, financial aid packages, proof of payments and any other financial documentation needed to prove the amount of reimbursement the Plaintiff is entitled to pursuant to the Stipulation; and it is further
ORDERED, that the Defendant shall pay the Plaintiff the amount owed within thirty (30) days of receiving the documentation described in the preceding paragraph and pay his pro rata share of said expenses in accordance with Article 18 of the parties' Stipulation; and it is further
ORDERED, that the Defendant shall continue to pay his pro rata share of the parties' oldest child's college expenses, as detailed in Article 18 of the parties' Stipulation, until her completion of a four (4) year course of study; and it is further
ORDERED, that the Defendant shall receive a credit against his basic child support obligation for college room and board expenses that he pays on behalf of the parties' oldest child. However, such credit shall not exceed $6,186.88 per year.[FN2]

LIFE INSURANCE
Here, pursuant to the Stipulation, Article 17, the Defendant is required to maintain a life insurance policy with a death benefit of $500,000.00, naming the Plaintiff as custodian/guardian of said benefit on behalf of and for the benefit of the children. The Defendant agreed to provide the Plaintiff with proof that the insurance policy was in full force and effect and provide the Plaintiff with an authorization to verify the Defendant's compliance with this obligation. The Plaintiff alleges that the Defendant has failed to respond to her requests for this proof.
Accordingly, it is hereby
ORDERED, that the Defendant shall provide the Plaintiff with proof that he has maintained a life insurance policy with a death benefit of $500,000.00, naming the Plaintiff as custodian/guardian of said benefit on behalf of and for the benefit of the children. Such proof [*7]must be provided within thirty (30) days of the service of this Decision and Order with Notice of Entry; and it is further
ORDERED, that the Plaintiff shall cause a copy of this Decision and Order to be served upon the Defendant's counsel pursuant to CPLR § 2103 (b) 1, 2, 3, 5, 6 or 7 within ten (10) days of the date of this Decision and Order.
Any other relief sought herein and not specifically ruled upon is denied.
This constitutes the Decision and Order of the Court.
Dated: May 8, 2024
Mineola, New York
E N T E R:
HON. JOSEPH H. LORINTZ, J.S.C.
XXX

Footnotes

Footnote 1:
 The parties' adjusted incomes were calculated by subtracting Social Security and Medicare taxes from the gross income.

Footnote 2:Calculated by subtracting the Defendant's child support obligation for two children ($38,667.99) from his basic child support obligation for three children ($44,854.87).