■ SELMA LUNG, Respondent, v. ANDREW LUNG, Appellant.— In an action by a wife for a judicial separation, defendant appeals, as limited by his brief: (1) from so much of an order of the Supreme Court, Queens County, dated January 10, 1961, as awarded to plaintiff alimony *pendente lite* of $100 a week and a counsel fee of $1,000, and directed defendant to pay the carrying charges on the house owned by them; and (2) from so much of an order of said court, dated March 2, 1961, as, upon reargument, awarded plaintiff alimony of $70 a week and a counsel fee of $800, and directed defendant to pay the carrying charges on the house. Order dated March 2, 1961, modified by reducing the counsel fee to $250, with leave to plaintiff to apply to the trial court for an additional counsel fee if so advised. As so modified, the order is affirmed, without costs. Appeal from the order of January 10, 1961, dismissed, without costs. That order was vacated by the subsequent order of March 2, 1961. In our opinion, the moving papers fail to show facts justifying the amount awarded for the counsel fee. We are unable to say that the award of temporary alimony is excessive. If, as defendant claims, his financial circumstances render him unable to pay the amount directed by the order, his best protection lies in obtaining a trial promptly (cf. *Gross* v. *Gross*, 8 A D 2d 951). If permanent alimony and an additional counsel fee shall be awarded by the trial court, his determination as to their amount should be made by him in the exercise of a sound discretion upon the basis of all the evidence adduced at the trial (cf. *Schwam* v. *Schwam*, 12 A D 2d 985). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ EUGENE G. LUTZ, as Guardian ad Litem of CHARLES LUTZ, Respondent, v. JOSEPH D. VAN VALKENBURGH, Appellant. In the Matter of JOSEPH VAN VALKENBURGH, Appellant, v. EUGENE LUTZ, Individually and as Guardian ad Litem of CHARLES LUTZ, et al., Respondents.— In a consolidated action and summary proceeding involving the title and the right to the possession of certain real property, the defendant-petitioner appeals from an order of the Supreme Court, Westchester County, dated January 16, 1961, which denied his motion for summary judgment. The Special Term held that the final order and determination in a prior summary proceeding were neither *res judicata* nor operated as a collateral estoppel preventing the respondent Charles Lutz from asserting title by adverse possession; that the weight and probative value of statements made by him in earlier litigation were matters for consideration by the trier of the facts; and that the character of his use of the premises and the hostility and the adversity of his possession were questions which should not be decided on affidavits. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.