■ In the Matter of JENNIFER L. HOSZA-DZIELAK, Respondent, v ANDRE HOSZA, Appellant. [812 NYS2d 564]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated August 25, 2004, which denied his objection to so much of an order of the same court (Kahlon, S.M.), dated June 3, 2004, as directed him to pay his monthly child support through the Nassau County Child Support Collection Unit.

Ordered that the order dated August 25, 2004, is reversed, on the law, with costs, the objection is sustained, and so much of the order dated June 3, 2004, as directed the appellant to pay monthly child support through the Nassau County Support Collection Unit is vacated.

The portion of the order of the Support Magistrate to which the appellant objected, directing him to make his child support payments through the Support Collection Unit, violated the terms of the parties' settlement agreement which was incorporated but not merged in their judgment of divorce. The agreement provided for an alternate arrangement for the payment of child support, which not only avoided an income deduction order, but also provided for direct payment to the mother. This agreement is enforceable as a contract and the Support Magistrate and the Family Court should not have ignored it (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Lang v Lang*, 20 AD3d 396, 397 [2005]; *Ross v Ross*, 16 AD3d 713, 714 [2005]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]; *Pellino v Pellino*, 308 AD2d 522 [2003]; *Matter of Kalman v Kalman*, 300 AD2d 487, 488 [2002]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.