■ Milette Shanon, Appellant, v Jerome D. Patterson, Respondent. [830 NYS2d 905]—In a matrimonial action in which the parties were divorced by judgment entered May 5, 2003, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Lebowitz, J.), entered April 28, 2005, as, upon an order of the same court dated January 18, 2005, inter alia, granting her application for child support arrears in the principal sum of $11,403, and denying her application for unreimbursed medical expenses and attorney's fees, is in favor of her and against the defendant in the principal sum of only $11,403.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Relying upon a stipulation of settlement that was incorporated, but not merged, into the parties' judgment of divorce, the plaintiff sought, among other things, a judgment against the defendant for alleged child support arrears and unreimbursed medical expenses for the children, as well as the attorneys' fees incurred by the plaintiff to enforce the stipulation. A stipulation of settlement that is not merged in the judgment of divorce is a contract and is enforceable as such (*see Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *Lang v Lang,* 20 AD3d 396 [2005]; *Douglas v Douglas,* 7 AD3d 481, 482 [2004]), as is a provision in such a stipulation providing that the defaulting party is responsible for the attorneys' fees incurred in its enforcement (*see Sieratzki v Sieratzki,* 8 AD3d 552, 554 [2004]; *Matter of Tito v Tito,* 276 AD2d 559, 560 [2000]). Nevertheless, the

Supreme Court properly denied, for lack of evidence, those branches of the plaintiff's motion which were for unreimbursed medical expenses (*see Matter of Mayer v Strait*, 251 AD2d 713, 715 [1998]) and attorneys' fees (*see Matter of Rahmey v Blum*, 95 AD2d 294, 300-301 [1983]; *Lung v Lung*, 13 AD2d 1014 [1961]).

The plaintiff's contention that the defendant failed to provide proof that he maintained a life insurance policy naming the plaintiff as trustee for the children as irrevocable beneficiaries is not properly before us on this appeal, as it was not raised in the motion that was decided in the underlying order dated January 18, 2005. The defendant's arguments with respect to the denial of his request for attorneys' fees are not properly before this Court since the defendant did not file a notice of appeal from the judgment (*see* CPLR 5515; *Matter of Kirdahy v Scalia*, 301 AD2d 525 [2003]; *Bruenn v Pawlowski*, 292 AD2d 856 [2002]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.