■ ALYSEN LODOVICO, Respondent, v MARCUS J. LODOVICO, Appellant. [858 NYS2d 706]—In an action for a divorce and ancil-

lary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Ross, J.), dated September 8, 2006, which denied his motion, inter alia, to impose a sanction against the plaintiff's counsel, and (2) an order of the same court (Friedenberg, J.H.O.) dated September 25, 2006, which, after a hearing held upon the stipulation of the parties, granted the plaintiff's motion for an attorney's fee to the extent of awarding her the sum of $15,000.

Ordered that the orders are affirmed, with one bill of costs.

"The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court" (*Lefkowitz v Van Ess,* 166 AD2d 556 [1990]; *citing DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]). The trial court is in the best position to judge the factors integral to determining counsel fees, such as the time, effort, and skill required (*see Feldman v Feldman,* 194 AD2d 207, 219 [1993]). Moreover, "[a] court must consider the equities and circumstances of each particular case and their respective financial positions in determining a counsel fee application" (*Palumbo v Palumbo,* 10 AD3d 680, 682 [2004]).

Here, the plaintiff adduced evidence demonstrating that she was entitled to an attorney's fee in the sum of $15,000 for successfully opposing the defendant's motions to reduce his child support obligations. In view of this evidence, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for an attorney's fee to the extent of awarding her the sum of $15,000.

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.