■ GEORGE CIOCIANO, Respondent, v MICHELE CIOCIANO, Appellant. [863 NYS2d 766]—

In a matrimonial action in which the complaint was dismissed by order dated November 22, 2006, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated June 14, 2007, as denied her motion for an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the defendant's motion is granted to the extent that the defendant is awarded an attorney's fee in the sum of $25,000.

"The decision to award [an] attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (*O'Brien v O'Brien,* 66 NY2d 576, 590 [1985]; *see* Domestic Relations Law § 237 [a], [c]; *Peritore v Peritore,* 50 AD3d 874 [2008]; *Burger v Holzberg,* 290 AD2d 469, 471 [2002]). In a matrimonial action, an award of an attorney's fee should be based, inter alia, on the relative financial circumstances of the parties and the relative merit of their positions (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Ventimiglia v Ventimiglia,* 36 AD3d 899 [2007]; *Chamberlain v Chamberlain,* 24 AD3d 589 [2005]; *McCully v McCully,* 306 AD2d 329 [2003]).

It is undisputed that the defendant wife earned the sum of approximately $27,000 per year, while the plaintiff husband earned more than $100,000 per year. In light of the great disparity in income between the parties, the lack of merit to the husband's action, and the husband's failure to substantiate his allegations that the wife engaged in tactics to prolong the litigation, the wife should have been awarded an attorney's fee in the sum of $25,000 (*see Grassi v Grassi*, 35 AD3d 357, 358 [2006]; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *Gainey v Gainey*, 303 AD2d 628, 631 [2003]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.