GREGORY J. TARONE, Appellant, v MADELEINE K. TARONE, Respondent. [874 NYS2d 148]—

In an action for a divorce and ancillary relief, the husband appeals (1), in part by permission, from stated portions of an order of the Supreme Court, Suffolk County (Stack, J.), dated October 31, 2007, which, inter alia, after a nonjury trial, directed that the wife be awarded the sum of $25,000, representing her equitable share of the $50,000 homestead exemption of the marital residence, and maintenance in the sum of $20,000 per year for three years, and denied that branch of his motion which was

to impose a constructive trust upon certain personal property, (2), by permission, from an order of the same court dated December 10, 2007, which awarded the wife an attorney's fee in the sum of $57,500, and (3), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated January 15, 2008, as, upon granting the wife's motion, in effect, pursuant to CPLR 4404 (b) to set aside so much of the order of the Supreme Court, Suffolk County (Stack, J.), dated October 31, 2007, as awarded her the sum of only $25,000, increased her equitable distribution award from the sum of $25,000 to the sum of $53,500.

Ordered that the appeal from so much of the order dated October 31, 2007 as directed that the wife be awarded the sum of $25,000, representing her equitable share of the $50,000 homestead exemption of the marital residence, is dismissed, as that portion of the order was superseded by the order dated January 15, 2008; and it is further,

Ordered that the order dated October 31, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that the order dated December 10, 2007 is affirmed; and it is further,

Ordered that the order dated January 15, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the wife.

The husband's reliance on a stipulation of settlement dated January 15, 2003, is misplaced, as this Court specifically vacated that stipulation on a prior appeal (see Tarone v Tarone, 25 AD3d 779, 780 [2006]).

"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . , and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618 [2007] [internal quotation marks and citations omitted]). Here, the Supreme Court providently exercised its discretion in equitably distributing the parties' assets.

"It is axiomatic that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (Mazzone v Mazzone, 290 AD2d 495, 496 [2002]). The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health of the parties, the present

and future earning capacity of both parties, and the ability of the party seeking maintenance to become self-supporting (see Domestic Relations Law § 236 [B] [6]; *DiBlasi v DiBlasi,* 48 AD3d 403, 404 [2008]; *Meccariello v Meccariello,* 46 AD3d 640, 641-642 [2007]).

Here, the husband reported earning up to $300,000 per year during the marriage, and the wife testified that she was attempting to revive her opera career, after having taken significant time off during the marriage. Under these circumstances, the court's award of maintenance in the sum of $20,000 per year for three years was a provident exercise of its discretion.

"The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court" (*Lodovico v Lodovico,* 51 AD3d 731, 732 [2008] [internal quotation marks omitted]). The trial court is in the best position to evaluate the factors integral to determining counsel fees (*id.*). Here, the Supreme Court providently exercised its discretion in awarding the wife an attorney's fee, and in awarding the wife such a fee in the sum of $57,500.

The husband's remaining contentions are either not properly before us or without merit. Mastro, J.P., Miller, Carni and McCarthy, JJ., concur.