■ In the Matter of ROSEMARY BURKE, Respondent, v ROBERT BURKE, JR., Appellant. [915 NYS2d 648]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), dated April 28, 2010, which denied his objections to so much of an order of the same court (Cabanillas-Thompson, S.M.), dated February 5, 2010, as, upon findings of fact also dated February 5, 2010, made after a hearing, found that he was in arrears for 50% of the children's educational expenses incurred after September 2004 and directed him to pay such arrears through the Support Collection Unit.

Ordered that the order dated April 28, 2010, is reversed, on the law, with costs, the father's objections are granted, and those portions of the order dated February 5, 2010, finding that he was in arrears for 50% of educational expenses and directing him to pay the arrears through the Support Collection Unit are vacated.

In August 1997, the parties entered into a settlement agreement (hereinafter the agreement), which provided, inter alia, that the father would pay 50% of the children's educational expenses for, in effect, five years following the execution of the agreement. The agreement recited that the parties had intentionally made "no provision for the payment of college tuition at this time electing to address the subject if and when the chil-

dren are preparing to enter college." The agreement was executed on August 20, 1997, and the parties were divorced by a judgment dated March 25, 1998. The agreement was incorporated but not merged into the judgment of divorce.

In October 2008, the mother filed an enforcement petition and violation petition alleging that the father had failed to pay, inter alia, his 50% share of certain educational costs incurred after September 2004. By order dated February 5, 2010, the Support Magistrate found, after a hearing, that the father failed to pay, among other things, his share of those costs, and directed that payment be made through the Support Collection Unit. The father filed objections to those portions of the order finding that he was in arrears for 50% of the children's educational expenses incurred after September 2004 and directing that payment be made through the Support Collection Unit. The Family Court denied his objections in the order appealed from. We reverse.

A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a separate and independent contract, and is enforceable as such (*see Kleila v Kleila*, 50 NY2d 277, 283 [1980]; *Shanon v Patterson*, 38 AD3d 519 [2007]; *Matter of Hosza-Dzielak v Hosza*, 26 AD3d 378 [2006]). Here, pursuant to the clear terms of the settlement agreement, the father's obligation to pay educational expenses ended after August 2002, and, inasmuch as there is no indication in the record that the parties subsequently ever agreed that the father would be responsible for further payment of educational expenses (*see Karl v Karl*, 138 AD2d 354, 355 [1988]), the Family Court erred in denying the father's objections to that portion of the Support Magistrate's order which found that the father was in arrears for educational expenses that were incurred after September 2004.

In light of our determination, the father's remaining contentions with respect to the directive that payment of the arrears be made through the Support Collection Unit have been rendered academic. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.