■ DALIA GENGER, Appellant, v ARIE GENGER, Respondent.
[917 NYS2d 190]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered November 6, 2009, which granted plaintiff's motion to compel production of documents pursuant to a stipulation of settlement of the parties' divorce action only to the extent of documents reflecting marital assets that were not listed on the marital balance sheet and were not the subject of the previous audit and ensuing arbitration and only upon plaintiff's furnishing a reasonable basis to believe such unlisted assets existed, and ordered the parties to execute a confidentiality agreement in connection with the production, unanimously modified, on the law, to grant the motion to compel without restriction or limitation, and otherwise affirmed, without costs.

While recognizing that, pursuant to the stipulation, plaintiff is entitled to further audits as to the completeness and accuracy of the marital assets and liabilities contained on the marital balance sheet as of January 31, 2002 and valued as of October 26, 2004, the court impermissibly restricted the scope of these audits, essentially rewriting the stipulation by imposing additional terms (see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 182 [1995]). The stipulation is patently unambiguous and clearly evinces the parties' intent (see Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]). It contains no restriction or limitation on the scope of the audits. The court was not at liberty to alter or change any of the provisions of the stipulation without the consent of both parties (see Leffler v Leffler, 50 AD2d 93, 95 [1975], affd 40 NY2d 1036 [1976]).

Defendant is bound by the contents of the stipulation (see Da Silva v Musso, 53 NY2d 543, 550 [1981]). His assertions are insufficient to rebut "the heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties" (Merrick v Merrick, 181 AD2d 503 [1992] [internal quotation marks and citation omitted]).

We agree with the court that, under the circumstances, a confidentiality agreement in connection with the document production is warranted (see generally Mt. McKinley Ins. Co. v Corning Inc., 77 AD3d 453 [2010]). Moreover, plaintiff's counsel

consented to the confidentiality agreement on the record in open court. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.