■ CATHERINE CROOK, Appellant, v K. ERIC CROOK, Respondent. [925 NYS2d 881]—

In a matrimonial action in which the parties were divorced by judgment dated February 11, 2008, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated June 29, 2010, as denied her motion pursuant to Domestic Relations Law former § 237 for an award of postjudgment counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated February 11, 2008. The defendant former husband moved, among other things, to vacate the child support provisions of a stipulation of settlement which had been incorporated but not merged into

the judgment of divorce. The Supreme Court granted that branch of the motion which was to vacate the child support provisions on the ground that they failed to comply with the Child Support Standards Act. The plaintiff former wife subsequently moved for an award of postjudgment counsel fees. In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's motion. We affirm the order insofar as appealed from.

"The decision to award . . . [an] attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court" (*O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *see Ciociano v Ciociano*, 54 AD3d 797, 797 [2008]). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Ciociano v Ciociano*, 54 AD3d at 797; *Ferraro v Ferraro*, 257 AD2d 596, 598 [1999]). Under the circumstances present here, including the distributive award which the plaintiff received pursuant to the parties' stipulation, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for an award of counsel fees (*see Natole v Natole*, 256 AD2d 558, 559 [1998]; *McDougall v McDougall*, 129 AD2d 685, 686 [1987]; *see also Charap v Willett*, 84 AD3d 1000, 1003 [2011]; *Alton v Alton*, 83 AD3d 972, 974 [2011]; *Dempster v Dempster*, 236 AD2d 582, 583 [1997]; *Morton v Morton*, 130 AD2d 558, 560 [1987]). Rivera, J.P., Eng, Roman and Miller, JJ., concur.