■ PRUDA E. BRANTLY, Respondent, v DEAN L. BRANTLY, Appellant. [933 NYS2d 300]—

The parties were divorced by a judgment dated December 24, 2007. A stipulation of settlement dated May 1, 2007, was incorporated, but not merged, into the judgment of divorce. The stipulation of settlement was a comprehensive agreement, fully resolving issues of equitable distribution which could have been raised by the parties or could be raised in the future.

In March 2009 the defendant former husband moved by order to show cause for various relief. After a conference during which certain issues were resolved, the motion was inadvertently marked as disposed. The defendant submitted another motion and the plaintiff former wife cross-moved for an award of counsel fees expended in defense of the motions. In an order dated September 15, 2010, the Supreme Court considered all of

the defendant's outstanding requests for relief as one motion. The Supreme Court, inter alia, denied certain branches of the defendant's motion and referred other issues for a hearing. Insofar as relevant here, the Supreme Court denied, without a hearing, those branches of the defendant's motion which were to recover sums expended on repairs to the former marital residence and in connection with the plaintiff's failure to permanently relocate to Florida. The Supreme Court reserved decision on the plaintiff's cross motion for an award of counsel fees until after the hearing. The defendant appeals from so much of the order dated September 15, 2010, as denied, without a hearing, those branches of his motion.

At the hearing on the remaining issues, the Supreme Court denied the remainder of the defendant's motion from the bench. The parties submitted the issue of counsel fees on affidavits. In an order dated February 10, 2011, the Supreme Court granted the plaintiff's cross motion to the extent of awarding her 75% of the counsel fees sought. The defendant also appeals from that order. After he failed to pay the counsel fees as directed by the Supreme Court, an amended money judgment was entered against the defendant for the principal amount of the counsel fee award.

The Supreme Court properly denied, without a hearing, those branches of the defendant's motion which were to recover for sums expended on repairs to the former marital residence and in connection with the plaintiff's failure to permanently relocate to Florida. A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a separate and independent contract, and is enforceable as such (see Kleila v Kleila, 50 NY2d 277, 283 [1980]; Matter of Burke v Burke, 81 AD3d 642, 643 [2011]; Shanon v Patterson, 38 AD3d 519 [2007]). Courts cannot not rewrite the unambiguous terms of a marital stipulation of settlement to distribute items which were not provided for in the stipulation (see Pulaski v Pulaski, 22 AD3d 820, 821 [2005]; Pellino v Pellino, 308 AD2d 522, 523 [2003]; Cole-Hatchard v Cole-Hatchard, 294 AD2d 529, 530 [2002]; Cohen-Davidson v Davidson, 291 AD2d 474, 475 [2002]; Cappello v Cappello, 286 AD2d 360, 361 [2001]). There were no provisions in the stipulation of settlement entitling the defendant to the requested relief. The repairs which he undertook were not contemplated in the stipulation of settlement, and the plaintiff's permanent relocation was not required.

The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for an award of counsel fees to the extent of awarding her 75% of the fees sought. "The

award of reasonable counsel fees is a matter within the sound discretion of the trial court. The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate" (*Dellafiora v Dellafiora*, 54 AD3d 715, 716 [2008] [internal quotation marks omitted]; *see* Domestic Relations Law § 237 [b]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Crook v Crook*, 85 AD3d 958, 959 [2011]; *Ciociano v Ciociano*, 54 AD3d 797 [2008]; *Ferraro v Ferraro*, 257 AD2d 596, 598 [1999]). "The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (*Dellafiora v Dellafiora*, 54 AD3d at 716-717; *see Timpone v Timpone*, 28 AD3d 646 [2006]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). The evaluation of what constitutes reasonable fees is a matter within the sound discretion of the trial court, it being "in the best position to judge the factors integral to determining counsel fees, such as the time, effort, and skill required" (*Lodovico v Lodovico*, 51 AD3d 731, 732 [2008]; *see Tarone v Tarone*, 59 AD3d 434, 435 [2009]).

Here, the Supreme Court properly considered the relevant factors in determining that an award of 75% of the fees sought was appropriate (*see Matter of Grald v Grald*, 33 AD3d 922, 923 [2006]; *Shen v Shen*, 21 AD3d 1078, 1080 [2005]; *cf. Matter of Olesh v Auerbach*, 227 AD2d 406, 406-407 [1996]). The submissions of the plaintiff and her counsel were sufficient (*see* Domestic Relations Law § 237 [b]), and the failure to submit a retainer agreement was not fatal to the cross motion (*cf.* 22 NYCRR 202.16 [c] [1]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.