■ NEIL IRWIN BRODY, Respondent, v LAUREN JUSTINE BRODY, Appellant. ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP, Nonparty Appellant. [27 NYS3d 190]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated August 1, 2014. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of that court dated April 17, 2014, directing the plaintiff to pay additional counsel fees to the defendant in the sum of only $150,000.

Ordered that the order dated August 1, 2014, is affirmed insofar as appealed from, with costs.

In this action for a divorce and ancillary relief (*see Brody v Brody*, 137 AD3d 830 [2016] [decided herewith]), the Supreme Court, after the trial of the action and upon written submissions on counsel fees, awarded counsel fees to the defendant in the sum of $150,000 in addition to counsel fees that had been awarded previously. The defendant and her trial counsel, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, appeal, contending that, upon reargument, the Supreme Court erred in directing the plaintiff to pay additional counsel fees to the defendant in the sum of only $150,000.

An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court; the court's determination of the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Timpone v Timpone*, 28 AD3d 646, 646 [2006]; *Walker v Walker*, 255 AD2d 375, 376 [1998]). In determining whether to award fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Brantly v Brantly*, 89 AD3d 881, 882-883 [2011]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Brantly v Brantly*, 89 AD3d at 883). Although a less-monied party should not be expected to exhaust all, or a large portion, of the finite resources available to her or him (*see Prichep v Prichep*, 52 AD3d 61, 66 [2008]), the court may consider the conduct of the less-monied spouse in the dissipation of assets available during the course of the litigation.

Here, the Supreme Court granted numerous requests by the defendant for interim counsel fees. Not including the final award of $150,000, the plaintiff had already been directed to pay in excess of $400,000, encompassing interim counsel fee awards to the defendant's counsel in the amount of $270,513, as well as counsel fees for the attorneys for the children, and the fee for the neutral mental health professional. Although the plaintiff is the monied spouse, the court's award reflects consideration of the relevant factors, including the defendant's conduct in dissipating assets during the litigation rather than using available funds to pay her attorneys or to pay for necessary items for the children or herself. In sum, the court did not improvidently exercise its discretion in awarding the defendant the sum of only $150,000 in counsel fees (*see Dochter v Dochter*, 118 AD3d 665, 666 [2014]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.