Tajram v Tajram (2020 NY Slip Op 02819)





Tajram v Tajram


2020 NY Slip Op 02819


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-15047
 (Index No. 50854/15)

[*1]Savitree Tajram, respondent, 
v
Pooran Tajram, appellant.


Judy Moses, LLC, South Ozone Park, NY, for appellant.
Robert W. Hiatt, Staten Island, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated October 21, 2016, the defendant appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated November 1, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were to direct a reconciliation of the two parcels of real property subject to equitable distribution, to direct the plaintiff to pay for her use and occupancy of one of the parcels of real property, and to direct the transfer of one parcel of the real property at issue to each of the parties.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were divorced by a judgment dated October 21, 2016. The parties executed a stipulation of settlement dated June 6, 2016, which was incorporated, but not merged, into the judgment of divorce. The stipulation of settlement provided, in pertinent part, for the sale of certain real property and the equitable distribution of the proceeds to the parties. The stipulation also provided that the "[p]arties agree to collect their respective rental incomes until such time a closing is held."
In September 2018, the defendant moved, inter alia, to direct the plaintiff "to turn over all leases and expenses from subject property 1002 Hart Street Brooklyn New York in order to reconcile properties subject to equitable distribution" and pay to the defendant a share of rents collected by the plaintiff; to direct that "the properties be transferred one to each party based on proposed reconciliation terminating and co-dependency of the parties in resolving the equitable distribution"; and to direct the plaintiff to pay the defendant $45,000, representing the plaintiff's use and occupancy of one of the parcels of real property at issue. The Supreme Court denied those branches of the motion, and the defendant appeals.
A stipulation of settlement "is a contract subject to the ordinary principles of contract construction and interpretation. These rules provide that a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms and courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Keller-Goldman v Goldman, 149 AD3d 422, 424 [citations and internal quotation marks omitted]). Courts cannot [*2]rewrite the unambiguous terms of a marital stipulation of settlement to distribute items which were not provided for in the stipulation or to "deconstruct the division of assets which the parties provided for unambiguously in their stipulation" (Pulaski v Pulaski, 22 AD3d 820, 821; see Genger v Genger, 81 AD3d 561, 561). Here, "[t]here were no provisions in the stipulation of settlement entitling the defendant to the requested relief" (Brantly v Brantly, 89 AD3d 881, 882), and, in fact, the defendant's demands were contrary to the terms of the stipulation of settlement. Moreover, since the stipulation of settlement specifically provided that "[t]he parties waive all and any other claims of equitable distribution," it fully resolved the issues of equitable distribution (see id. at 882).
Accordingly, we agree with the Supreme Court's determination to deny the subject branches of the defendant's motion.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court