SC Philips Clark, LLC v Shore Club Managing Member, LLC (2022 NY Slip Op 02571)

SC Philips Clark, LLC v Shore Club Managing Member, LLC

2022 NY Slip Op 02571

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-08225
 (Index No. 610536/18)

[*1]SC Philips Clark, LLC, respondent, 
v
Shore Club Managing Member, LLC, et al., appellants.

Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY (Janice Mac Avoy, Israel David, Kristin Whidby, and Jaspan Schlesinger LLP [Steven R. Schlesinger and Daniel E. Shapiro], of counsel), for appellants.
The Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Alan S. Zigman of counsel), for respondent.

DECISION & ORDER
In an action for specific performance of a contract, the defendants appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered May 20, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
Nonparty Shore Club Property Owner, LLC (hereinafter the Owner), acquired from an affiliate of the plaintiff title to property in Miami Beach on which a hotel was operated. At the same time, the plaintiff entered into a profit participation agreement (hereinafter the PPA) with the Owner, the defendant Shore Club Managing Member, LLC (hereinafter Managing Member), and the defendant Shore Club JV, LLC (hereinafter the Holdings Company), which effectively controlled the Owner. Additionally, the plaintiff and the defendants executed an Amended and Restated Operating Agreement (hereinafter the Operating Agreement) of the Holdings Company, to be held in escrow. Pursuant to the PPA, upon the occurrence of a "Trigger Event," as defined therein, the PPA would automatically terminate and the Operating Agreement would automatically take effect, whereupon, the plaintiff would be admitted as a member of the Holdings Company.
The plaintiff commenced this action seeking specific performance of the Operating Agreement. The defendants moved for summary judgment dismissing the complaint, arguing that the Operating Agreement never took effect because a Trigger Event as defined by the PPA never occurred. In an order entered May 20, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, Inc., 98 NY2d 562, 569; see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1263, 1266).
Here, the defendants demonstrated their prima facie entitlement to judgment as a [*2]matter of law dismissing the complaint. Under the PPA, as relevant here, a Trigger Event was effectively defined as the receipt by Managing Member of distributions of "Cash Flow" in certain amounts. "Cash Flow" was defined as a certain portion of the Owner's "cash and cash equivalent assets." The defendants established, prima facie, that Managing Member never received the distributions from the Owner that would constitute a Trigger Event under the PPA and thus, that the Operating Agreement never took effect.
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, giving the terms of the PPA their plain meaning (see Tajram v Tajram, 183 AD3d 777, 778), agreements entered into by the Owner with potential purchasers of contemplated condominium apartments and escrow deposits provided by the potential purchasers did not constitute cash equivalent assets required to be distributed by the Owner to Managing Member pursuant to the PPA. Furthermore, the plaintiff's contention that the defendants' motion was premature pursuant to CPLR 3212(f) is without merit. The plaintiff failed to demonstrate how discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the defendants' knowledge or control (see id.; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
The parties remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court