■ Robin Cohen-Davidson, Respondent, v Alan D. Davidson, Appellant. [680 NYS2d 564] —In a matrimonial action in

which the parties were divorced by judgment entered February 28, 1997, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated August 5, 1997, as (1) fixed his monthly child support obligation at $942.53, and (2) directed him to pay 44.8% of the costs of the summer camp for his two children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' judgment of divorce incorporated a stipulation of settlement entered into between the parties on December 23, 1996. The parties agreed to be bound by the terms of the Child Support Standards Act (Domestic Relations Law § 240 [1-b], hereinafter the CSSA) with respect to child support. The stipulation also provided, *inter alia,* that the parties would exchange tax returns and W-2 statements by April 30th of each year, and that their child support obligations would be adjusted as of May 15 of each year "if necessary, [in order] to ensure compliance with CSSA".

The plaintiff mother's post-judgment application followed the exchange of 1996 W-2 forms, from which there ensued a dispute between the parties over whether certain income earned by the defendant father during the summer of 1996 should be considered in calculating his child support obligations pursuant to the CSSA and the parties' stipulation. We agree with the Supreme Court that the father's argument in this respect "is without a basis in law or logic". The father is a teacher, and the amounts earned by him as a teacher during the summer or during the rest of the year for that matter, are obviously to be included within the statutory definition of the term "income" (*see,* Domestic Relations Law § 240 [1-b] [b] [5]). The parol evidence rule prohibits the use of evidence of any alleged oral agreement to exclude summer income from the CSSA calculations (*see, Lazansky v Lazansky,* 148 AD2d 501).

We also agree with the Supreme Court that, under the circumstances presented, summer camp expenses constitute child care expenses within the meaning of Domestic Relations Law § 240 (1-b) (c) (4). The father must contribute to these expenses in accordance with Domestic Relations Law § 240 (1-b) (c) (4), which is an integral part of the CSSA (*see, e.g., Koczaja v Koczaja,* 195 AD2d 693) with which, in their stipulation of settlement, the parties agreed to comply. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.