■ RICHARDSON & LUCAS, INC., Appellant, v NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, Respondent. [758 NYS2d 321] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 29, 2002, which granted the motion of defendant for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion denied and plaintiff's complaint reinstated.

Plaintiff, a contractor specializing in roofing and facade work, entered into a contract with defendant which included a standard provision requiring that all modifications be in writing and signed by the parties. One month later, defendant wrote to plaintiff by letter dated July 28, 1998 and terminated the contract "for owner's convenience."

The original contract entitled plaintiff to recover for work executed, certain proven losses and reasonable profit if defendant terminated for owner's convenience. Subsequently, when plaintiff submitted schedules to defendant for payment of costs and expenses, defendant refused to pay any sums based on future profits or overhead.

Defendant alleged that the July 28 letter was used as a means to implement the parties' oral agreement, reached in a meeting the day before, that defendant would not terminate

for cause and that plaintiff would waive any future expenses or profits. Defendant thus claimed that the oral agreement of July 27 modified the express terms of the original contract.

In this action for breach of a construction contract, the IAS court granted defendant's motion for summary judgment, holding that defendant had issued a notice of termination without cause, that this was consistent with the alleged oral modification, that the notice was unequivocally referable to the oral agreement and that the oral agreement modified the express terms of the original contract. Since the parties' written contract provided that it could only be modified by a writing signed by both parties and the oral agreement does not fall within any exception to the statute of frauds, we reverse and remand for further proceedings.

The statute of frauds, General Obligations Law § 15-301 (1), provides that a contract with a written modification clause "cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement * * * is sought." While the IAS court held that the oral agreement was partially performed by defendant's issuance of the written termination notice which was also "unequivocally referable" to the oral agreement, defendant has argued on this appeal that the oral modification is enforceable because parties to a contract generally have the power to terminate their contract by mutual agreement.

As the statute clearly provides, where a contract requires modification to be in writing, oral modifications are barred (General Obligations Law § 15-301; *Strychalski v Mekus*, 54 AD2d 1068 [1976]). There are two exceptions to the statute of frauds: partial performance and promissory estoppel. Neither exception is available, however, unless the part performance or the acts taken in detrimental reliance are "unequivocally referable" to the new, oral agreement (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]). Although defendant's July 28 letter was consistent with the alleged oral agreement, in order to be unequivocally referable, conduct must be inconsistent with any other explanation (*see Joseph P. Day Realty Corp. v Jeffrey Lawrence Assoc.*, 270 AD2d 140 [2000]).

Where, as here, an owner has a dispute with a contractor, termination without cause can be a means of avoiding litigation over whether or not there was "cause." Issuing the termination without cause letter was consistent with the written contract. Defendant thus failed to demonstrate that the letter was unequivocally referable to the oral agreement and the motion for summary judgment should have been denied.

Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.