■ FREDERICK WINTER, Appellant, v RAMONA WINTER, Respondent. [762 NYS2d 914] —In a matrimonial action in which the parties were divorced by judgment dated September 6, 1996, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Putnam County (Sweeny, J.), dated May 20, 2002, which, inter alia, granted those branches of the defendant's motion which were to compel him to pay his pro rata share of the college expenses of the parties' son, to direct him to obtain a life insurance policy for her benefit in the same amount and under the same conditions as the policy which he had been required to transfer pursuant to the terms of the judgment of divorce, to require him to pay his pro rata share of the son's unreimbursed dental and optical expenses, and for an award of $6,000 as an attorney's fee.

Ordered that the order is modified by deleting the provision thereof awarding the defendant the sum of $6,000 as an at-

torney's fee and substituting therefor a provision awarding her the sum of $5,000; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The Supreme Court providently exercised its discretion in finding that the plaintiff failed to comply with the terms of the judgment of divorce by failing to pay his pro rata share of the college expenses of the parties' son. As correctly noted by the court, the defendant provided documentary proof of the college expenses, which the plaintiff failed to refute.

The Supreme Court properly awarded the defendant an attorney's fee without first conducting a hearing, in light of the plaintiff's failure to either request a hearing or challenge the amount demanded (see DiVittorio v DiVittorio, 283 AD2d 390 [2001]; Adinolfi v Adinolfi, 168 AD2d 401 [1990]; Gross v Gross, 160 AD2d 976 [1990]; Rosenberg v Rosenberg, 155 AD2d 428 [1989]; Lynch v Lynch, 97 AD2d 814 [1983]). However, because the court determined that the attorney's fee should be limited to those amounts requested for work actually completed in this enforcement matter, and not estimated future work, the award of $6,000 for 20 hours of work at $250 per hour was incorrect, and is reduced to $5,000.

The plaintiff's remaining contentions are without merit. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.