■ JULIA DOUGLAS, Also Known as JULIA RIVIN, Respondent, v DANIEL DOUGLAS, Also Known as DANIEL DOLINOV, Appellant. [776 NYS2d 90]—

In a matrimonial action in which the parties were divorced by judgment dated March 1, 1995, the defendant appeals from a judgment of the Supreme Court, Kings County (Platt, J.H.O.), entered December 31, 2002, which, upon an order of the same court dated November 26, 2002, inter alia, denying his motion for a downward modification of child support, is in favor of the plaintiff and against him.

Ordered that the notice of appeal from the order dated November 26, 2002, is deemed a premature notice of appeal from the judgment entered December 31, 2002 (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment entered December 31, 2002, is affirmed, with costs.

Contrary to the defendant's contention, the stipulation of settlement did not conflict with the judgment of divorce. Since the stipulation was incorporated, but did not merge, in the judgment of divorce, it survived "as a basis for suit, independent of other available procedures for enforcing the decree" (*Rainbow v Swisher,* 72 NY2d 106, 109 [1988]).

A stipulation of settlement "is a contract subject to principles of contract interpretation . . . Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher, supra* at 109). Since the stipulation expressly set forth that the parties' child support obligations were to be determined from their income tax returns, the Supreme Court properly concluded that the defendant's child support arrears were to be based on his income tax returns.

The Supreme Court properly denied the defendant's motion for a downward modification of his child support obligation, since he failed to present any competent evidence to support his claim that he used his best efforts to obtain employment commensurate with his qualifications and experience (*see Matter of Kefeli v Kefeli,* 270 AD2d 490 [2000]; *see also Bittner v Bittner,* 296 AD2d 516, 517 [2002]; *Kalish v Kalish,* 289 AD2d 202 [2001]).

The defendant's remaining contentions either are unpreserved for appellate review, academic, or without merit. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.