■ STEVEN S. SIERATZKI, Appellant, v SANDRA SIERATZKI, Respondent. [779 NYS2d 507]—

In a matrimonial action in which the parties were divorced by a judgment dated October 10, 2002, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated July 16, 2003, as granted those branches of the defendant's motion which were for leave to enter a judgment against him for support arrears in the sum of $17,915.94, payment of a portion of the children's summer camp expenses, and an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married for over 20 years and have two children. In June 2002 they entered into a written stipulation settling the disputed issues in their pending divorce action. Under the terms of the stipulation, the plaintiff was required to satisfy and cause "the removal of all liens, judgments, and other encumbrances against the marital residence." The plaintiff was also required to bring all mortgage arrears current, and cause the reinstatement of a first mortgage, which was the subject of a foreclosure action. The stipulation further provided that until the plaintiff complied with these conditions, his support obligation would continue to be governed by the terms of a previously-issued pendente lite order. The stipulation was incorporated but did not merge into the judgment of divorce.

In May 2003 the defendant moved, inter alia, for leave to enter a judgment for arrears, contending that the plaintiff's support obligations were still governed by the terms of the pendente lite order because he had failed to remove all liens, judgments, and encumbrances against the martial residence. In opposition to the motion, the plaintiff presented documentary evidence that he had brought the mortgage current by paying arrears and legal fees, but that the foreclosure action had not yet been discontinued. The Supreme Court granted that branch of the defendant's motion which sought leave to enter a money judgment, concluding that the plaintiff violated the provision of the stipulation which required him to pay support in accordance with the pendente lite order until all liens, judgments, and encumbrances were removed from the marital residence. The Supreme Court also required the plaintiff to pay a portion of the children's summer camp expenses and awarded the defendant an attorney's fee. We affirm the order insofar as appealed from.

A stipulation of settlement in a matrimonial action is a

contract subject to the principles of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106 [1988]; *Douglas v Douglas*, 7 AD3d 481 [2004]; *De Luca v De Luca*, 300 AD2d 342 [2002]). Thus, where the stipulation is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher, supra* at 109). Here, the parties' stipulation unambiguously provided that the support terms of the pendente lite order would remain in effect until the plaintiff caused the removal of "all liens, judgments and other encumbrances against the marital residence." Contrary to the plaintiff's contention, the Supreme Court properly concluded that his obligation to remove encumbrances against the marital residence would not be fully satisfied until the foreclosure action was discontinued, and that he had thus violated the stipulation by failing to pay support in the amount required by the pendente lite order.

Furthermore, under the circumstances of this case, the Supreme Court properly found that summer camp expenses for the children constitute child care expenses within the meaning of Domestic Relations Law § 240 (1-b) (c) (4) (*see Cohen-Davidson v Davidson*, 255 AD2d 414 [1998]), and directed the plaintiff to pay a portion of these expenses in accordance with his pro rata share of the parties' income. Although the plaintiff argues it was error for the Supreme Court to determine his pro rata share of the parties' income without requiring the submission of current financial information, we note that less than one year had elapsed since entry of the judgment of divorce, and there was no indication that the parties' financial circumstances had changed significantly in that period.

We also find that the Supreme Court properly granted that branch of the defendant's motion which sought an award of an attorney's fee. The parties' stipulation included a provision which obligated a defaulting party to reimburse the nondefaulting party for a reasonable attorney's fee incurred in seeking enforcement of its terms. Since the plaintiff violated the support obligations of the stipulation, he was contractually obligated to pay the reasonable attorney's fee incurred on the motion (*see Mandell v Karr*, 7 AD3d 382 [2004]; *Matter of Tito v Tito*, 276 AD2d 559 [2000]; *White v Gordon*, 258 AD2d 519 [1999]; *Zeitlin v Zeitlin*, 250 AD2d 607 [1998]). We further note that the plaintiff did not challenge the reasonableness of the fee requested by the defendant's attorney, or request a hearing with regard to the value and extent of the services provided. Under these circumstances, he waived his right to a hearing on

this issue (*see Bengard v Bengard*, 5 AD3d 340 [2004]; *Winter v Winter*, 307 AD2d 963 [2003]; *Krutyansky v Krutyansky*, 289 AD2d 299 [2001]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.