■ STEVEN PERRY, Respondent, v MARY DERWIN PERRY, Appellant. [787 NYS2d 105]—

In a matrimonial action in which the parties were divorced by judgment dated March 18, 2002, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Adams, J.), dated October 8, 2003, as granted that branch of the plaintiff's motion which was to compel the sale of the former marital residence and directed that the proceeds therefrom be divided equally and, in effect, denied that branch of her cross motion which was to appoint a referee to sign a deed transferring the plaintiff's interest in that property to her.

Ordered that the order is affirmed, with costs.

On July 31, 2001, the parties entered into a stipulation of settlement (hereinafter the stipulation) of the matrimonial action. Under the stipulation, if the defendant was not able to buy out the interest of the plaintiff in the former marital residence (hereinafter the house) by November 1, 2001, then the house was to be sold and the proceeds divided evenly. The defendant contends that the stipulation was modified by a later oral agreement between the parties, pursuant to which she relinquished any claim to the plaintiff's pension in return for his relinquishment of the equity in the house.

The Supreme Court properly declined to enforce the alleged oral modification of the stipulation. A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation (*see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]; *Douglas v Douglas,* 7 AD3d 481, 482 [2004]). Where

the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Rainbow v Swisher, supra; Sieratzki v Sieratzki,* 8 AD3d 552, 553-554 [2004]). While partial performance of an oral modification of an agreement may render the modification enforceable (*see Rose v Spa Realty Assoc.,* 42 NY2d 338, 341 [1977]; *Richardson & Lucas v New York Athletic Club of City of N.Y.,* 304 AD2d 462, 463 [2003]), the evidence proffered by the defendant failed to establish that a modification of the stipulation occurred. The Supreme Court therefore properly enforced the stipulation according to its terms.

The defendant's remaining contentions either are not properly before this Court as they are raised for the first time on appeal or are without merit. Smith, J.P., Luciano, Crane and Rivera, JJ., concur.