■ ERVIN LAWRENCE OAKES, Respondent, v BARBARA OAKES, Appellant. [834 NYS2d 536]—

In a matrimonial action in which the parties were divorced by judgment dated January 16, 1987, the defendant appeals from an order of the Supreme Court, Westchester County (Montagnino, R.), dated August 24, 2005, which, inter alia, granted that branch of the plaintiff's motion which was to compel the sale of the former marital residence and directed that the proceeds therefrom be divided equally between the parties, and denied her cross motion, among other things, for an attorney's fee.

Ordered that the order is affirmed, with costs.

A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation (*see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]; *Perry v Perry,* 13 AD3d 508, 508-509 [2004]; *Douglas v Douglas,* 7 AD3d 481, 482 [2004]). Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Rainbow v Swisher, supra*; *Sieratzki v Sieratzki,* 8 AD3d 552, 553-554 [2004]). Although partial performance of an oral modification of an agreement may render the modification enforceable (*see Rose v Spa Realty Assoc.,* 42 NY2d 338, 341 [1977]; *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.,* 304 AD2d 462, 463 [2003]), the defendant former wife failed to establish that such an oral modification occurred in the instant case. Therefore, the Supreme Court properly granted the plaintiff former husband's motion to compel the sale of the former marital home pursuant to the parties' stipulation of settlement.

The appellant's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.