■ JOHN P. MICCICHE, Respondent, v KIMBERLY A. MICCICHE, Appellant. [879 NYS2d 502]—

In a matrimonial action in which the parties were divorced by judgment dated August 23, 2002, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 13, 2008, as granted those branches of the plaintiff's motion which were to require her to pay her pro rata share of unreimbursed medical expenses related to psychiatric care and summer camp expenses of the parties' children.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to require the defendant to pay her share of unreimbursed medical expenses related to psychiatric care, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the Supreme Court properly found that summer camp expenses for the children constituted child care expenses within the meaning of Domestic Relations Law § 240 (1-b) (c) (4) (see *Sieratzki v Sieratzki*, 8 AD3d 552 [2004]; *Cohen-Davidson v Davidson*, 255 AD2d 414 [1998]), and directed the defendant to pay a portion of these expenses in accordance with her pro rata share of the parties' income.

However, the court erred in requiring the defendant to pay for any portion of unreimbursed psychiatric expenses. A stipulation of settlement in a matrimonial action is a contract subject to the principles of contract interpretation (see *Rainbow v Swisher*, 72 NY2d 106 [1988]; *Sieratzki v Sieratzki*, 8 AD3d 552 [2004]; *Douglas v Douglas*, 7 AD3d 481 [2004]; *De Luca v De Luca*, 300 AD2d 342 [2002]). Thus, where the stipulation is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instru-

ment, and not from extrinsic evidence" (*Rainbow v Swisher,* 72 NY2d at 109; *Sieratzki v Sieratzki,* 8 AD3d 552 [2004]). Here, the parties' stipulation unambiguously provided that any psychiatric expenses for the children had to be agreed upon in writing and that if they were consented to in writing the expenses would be shared on a pro rata basis. There was no written consent provided by the defendant. Therefore, the court erred in requiring her to pay any portion of unreimbursed psychiatric expenses.

The defendant's remaining contention is without merit. Spolzino, J.P., Skelos, Dillon and Belen, JJ., concur.