Order, Supreme Court, New York County (Barbara Kapnick, J.), entered September 15, 2011, which, to the extent appealed from, granted, in part, the motion of defendants Italian American Museum, Italian American Real Estate Holdings, Joseph V Scelsa, Ronald Mannino, and Michael Ricatto (the Museum defendants) to dismiss the complaint, and which granted, in its entirety, the cross motion of defendant Jerome G. Stabile, III Realty L.L.C., formerly known as Stabile Brothers LLC (Stabile), to dismiss the complaint, unanimously affirmed, without costs.
Flaintiff seeks to enforce a lease it alleges it entered into with defendant Italian American Museum, and to preserve what it claims was a right to purchase the leased premises from the former owner, defendant Stabile. The lease contained two conditions precedent: approval by the museum’s mortgage bank and delivery of the lease (see e.g. 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 510-512 [1979]), neither of which occurred. Accordingly, the lease never came into existence.
Insofar as plaintiff claims the existence of an oral agreement pursuant to which it had the right to purchase the premises in *413 the event the former owner elected to sell, any such agreement is barred by the statute of frauds (see General Obligations Law § 5-703). Plaintiff’s argument that the agreement may be enforced under General Obligations Law § 5-703 (4), based on its partial performance, was properly rejected by the motion court. Plaintiff’s conduct in improving the premises is not “unequivocally referable” to the agreement (see e.g. Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y., 304 AD2d 462, 463 [1st Dept 2003]). Plaintiffs conduct is consistent with that of a restauranteur seeking to improve its business.
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.