*491 Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 30, 2013, which, to the extent appealed from, granted plaintiffs’ motion for summary judgment on the first and third causes of action, unanimously affirmed, with costs.
In opposition to plaintiffs’ prima facie showing of their entitlement to enforce the loan, defendants failed to raise a triable issue of fact as to the existence of a binding proposal that compromised the debt. Following the expiration of the terms of a 2011 letter agreement between defendants and Wells Fargo Foothill, Inc., plaintiffs’ predecessor in interest, Wells Fargo issued defendants a proposal for further compromising the balance owed under the loan. The proposal letter specifically identified itself as a “proposal, to be used as a basis for continued discussions,” and stated that, upon acceptance, a letter agreement would be prepared. The anticipation of a written agreement was consistent with the terms of the loan, which required that modifications be in writing and signed by the parties. No such formal writing was entered into (see General Obligations Law § 15-301 [1]; Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]).
The parties’ subsequent communications also reflect the absence of an intent to be bound by the proposal. Defendants’ conduct in proceeding with the sale of a radio station and plaintiffs’ conduct in directing defendants to proceed with the sale and accepting a portion of the proceeds thereof are equally consistent with the parties’ respective rights and obligations under the loan documents (see Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y., 304 AD2d 462 [1st Dept 2003]; Tierney v Capricorn Invs., 189 AD2d 629, 631 [1st Dept 1993], lv denied 81 NY2d 710 [1993]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.