■ KISHMA BRYAN, Appellant, v REMY RAPHAEL, Respondent. [981 NYS2d 455]—

In a matrimonial action in which the parties were divorced by judgment dated June 2, 2008, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated January 3, 2012, as denied that branch of her motion which was, in effect, to enforce stated portions of a stipulation of settlement dated October 18, 2007, as amended October 31, 2007, that was incorporated but not merged into the judgment of divorce, and stated portions of a postjudgment agreement dated July 1, 2010.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, to enforce stated portions of the stipulation of settlement dated October 18, 2007, as amended October 31, 2007, and stated portions of the postjudgment agreement dated July 1, 2010, and substituting therefor a provision granting that branch of the motion to the extent of directing that the parties, upon the sale of the former marital home, are to equally divide any net proceeds of that sale, taking into account the $14,000 already paid by the plaintiff to the defendant for the defendant's estimated share of the equity in the home, and directing that, in the event that the net sale proceeds amount to less than $28,000, the plaintiff shall be credited with the first $14,000, and the remainder of the proceeds, if any, shall be divided equally between the parties, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties' judgment of divorce and stipulation of settlement provided, inter alia, that the parties were to equally divide the proceeds of the sale of the former marital home. In a postjudgment agreement, the plaintiff agreed to pay to the defendant the sum of $15,000 for the defendant's estimated share of the equity in the home, in contemplation of the plaintiff's assumption of the defendant's mortgage loan obligations on the home or the plaintiff's purchase of the defendant's interest in the home. It is undisputed that the plaintiff paid the defendant the sum $14,000 pursuant to that agreement. However, the record reveals that the plaintiff was unable to purchase the defendant's interest in the home or to assume the existing mortgage, in accordance with the terms of the parties' agreement.

A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Perry v Perry*, 13 AD3d 508, 508-509 [2004]; *Douglas v Douglas*, 7 AD3d 481, 482 [2004]). Upon directing the sale of the home, the Supreme Court should have made provision for the monies already paid by the plaintiff to the defendant for the defendant's estimated share of the equity in the home, as such payment was made in contemplation of a buy-out or assumption of mortgage that did not occur, and the judgment of divorce provided for equal division of the equity in the home (*see generally Perry v Perry*, 13 AD3d at 508-509). In order to effectuate that term of the judgment, the order must be modified to provide for the equal division of such proceeds, taking into account the $14,000 payment made by the plaintiff, and for the payment by the defendant to the plaintiff of any share of the $14,000 received by the defendant that exceeds his one-half share of the net sale proceeds. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.