■ In the Matter of Angelia Lee, Respondent, v Elliot Fitts, Appellant. (Proceeding No. 1.) In the Matter of Elliot Fitts, Appellant, v Angelia Lee, Respondent. (Proceeding No. 2.) [47 NYS3d 468]—

Appeal by the father from an order of the Family Court,

Kings County (Emily M. Martinez, Ct. Atty. Ref.), dated December 14, 2015. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was for sole legal custody of the subject child and denied the father's petition for joint legal custody of that child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father, who were never married, have one child together. In September 2013, the mother filed a petition for sole legal and physical custody of the child. Subsequently, the father filed a petition for joint legal custody. At the conclusion of a hearing on the custody petitions, the Family Court determined that joint legal custody was not a viable option based on evidence of the parents' inability to communicate. The court granted the mother's petition for sole legal and physical custody and denied the father's petition. The father appeals.

Contrary to the father's contention, the Family Court properly determined that joint legal custody was not a viable option. Joint custody "reposes in both parents a shared responsibility for and control of a child's upbringing" and is appropriate between "relatively stable, amicable parents [who behave] in [a] mature [and] civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]). However, it is inappropriate where, as here, the parties have demonstrated an inability to communicate and cooperate on matters concerning the child (*see Matter of Moore v Gonzalez*, 134 AD3d 718, 720 [2015]; *Matter of Florio v Niven*, 123 AD3d 708, 710 [2014]). Further, viewing the totality of the circumstances, there is a sound and substantial basis for the court's determination that it is in the child's best interests to award sole legal custody to the mother (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Braiman v Braiman*, 44 NY2d at 589-590; *Matter of Hardy v Figueroa*, 128 AD3d 824, 825 [2015]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.