Gluck v Gluck (2022 NY Slip Op 03374)





Gluck v Gluck


2022 NY Slip Op 03374


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2020-01458
 (Index No. 9993/15)

[*1]Monika Gluck, appellant,
v
Robert D. Gluck, respondent.


McGuire Condon, P.C., Huntington, NY (Brittany C. Mangan of counsel), for appellant.
Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Michael W. Meyers of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered December 22, 2016, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), dated November 21, 2019. The order, insofar as appealed from, granted the defendant's motion, inter alia, to vacate a qualified domestic relations order dated August 30, 2018, and for the issuance of a new qualified domestic relations order.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action for a divorce and ancillary relief in June 2015, and the parties entered into a stipulation of settlement in April 2016. As is relevant to this appeal, the stipulation of settlement addressed the division of the defendant's pension from his time as a New York City Police Officer, of which the plaintiff was to receive 50% of the "marital portion." The defendant's entire career with the New York City Police Department occurred during the marriage, but the defendant's pension included a portion for service and a portion for accident disability. The stipulation of settlement did not differentiate between the service pension and the accident disability pension, but did provide for the defendant to pay to the plaintiff an "estimated amount" of $1,100 per month until the plaintiff's share of the marital portion of the defendant's pension was determined.
In August 2018, the Supreme Court signed a qualified domestic relations order (hereinafter the QDRO), and, upon service of the QDRO, the New York City Police Pension Fund informed the defendant that it would begin paying the plaintiff $3,139.70 per month, representing 50% of the defendant's total pension.
The defendant moved, inter alia, to vacate the QDRO and for the issuance a new QDRO clarifying that the plaintiff was to receive 50% of only his service pension, not of his entire pension. In an order dated November 21, 2019, the Supreme Court, inter alia, granted the defendant's motion.
"A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Kraus v Kraus, 131 AD3d 94, 100). "Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" [*2](Oakes v Oakes, 38 AD3d 865, 865). "The proper inquiry when determining whether an agreement is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation" (Matter of Blonder v Blonder, 171 AD3d 1043, 1045 [internal quotation marks omitted]).
"[I]nasmuch as a portion of [an] ordinary disability pension represents deferred compensation related to length of employment occurring during the marriage, it constitutes marital property subject to equitable distribution" (Dolan v Dolan, 78 NY2d 463, 464-465). "However, '[t]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution'" (Berardi v Berardi, 54 AD3d 982, 985, quoting Mylett v Mylett, 163 AD2d 463, 464-465; see Domestic Relations Law § 236[B][1][d][2]).
Here, the parties' stipulation of settlement was not clear and unambiguous; instead, it was susceptible to more than one reasonable interpretation. While the stipulation of settlement did not specifically differentiate between the service pension and the accident disability pension, the language in the stipulation, which included references to the "marital portion" of the pension and to the defendant's "credited service," was ambiguous so as to warrant consideration of extrinsic evidence in order to determine the parties' intent (cf. Rosenberger v Rosenberger, 63 AD3d 898). The extrinsic evidence, which indicated that the "estimated amount" to be paid to the plaintiff was substantially similar to 50% of the defendant's service pension alone, demonstrated that the intent of the stipulation of settlement was to differentiate between the service portion of the pension, which was marital property, and the accident disability portion of the pension, which was the defendant's separate property. Therefore, the Supreme Court properly granted the defendant's motion, inter alia, to vacate the QDRO and for the issuance of a new QDRO reflecting the parties' intent (see Kraus v Kraus, 131 AD3d at 100-101).
The plaintiff's remaining contention is without merit.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court