Zanani v Schvimmer (2022 NY Slip Op 06956)

Zanani v Schvimmer

2022 NY Slip Op 06956

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-10430
 (Index No. 4491/08)

[*1]Doron Zanani, plaintiff-respondent, 
v
Miriam Schvimmer, et al., defendants-respondents, 238 Rodney, LLC, appellant.

Goldberg Weg & Markus, PLLC, New York, NY (Alexander Markus of counsel), for appellant.
Doron Zanani, New York, NY, plaintiff-respondent pro se.

DECISION & ORDER
In an action pursuant to Debtor and Creditor Law former §§ 273-a, 276, and 276-a to set aside an allegedly fraudulent conveyance, the defendant 238 Rodney, LLC, appeals from a judgment of the Supreme Court, Kings County (Dawn Jiminez-Salta, J.), entered November 7, 2018. The judgment, upon an order dated August 21, 2017, granting the plaintiff's motion for leave to enter a judgment against the defendant 238 Rodney, LLC, and an order dated October 15, 2018, inter alia, upon reargument, adhering to the determination in the order dated August 21, 2017, is in favor of the plaintiff and against that defendant in the principal sum of $60,000.
ORDERED that the judgment is affirmed, with costs to the plaintiff-respondent.
The plaintiff commenced the instant action pursuant to Debtor and Creditor Law former §§ 273-a, 276, and 276-a to set aside an allegedly fraudulent conveyance of real property. The defendant 238 Rodney, LLC (hereinafter 238 Rodney), defaulted, and, following that default, the plaintiff, 238 Rodney, and the remaining defendants entered into a stipulation of settlement. Pursuant to the stipulation, 238 Rodney agreed to pay $60,000 in two installments and to execute a confession of judgment which was to be delivered along with the first installment payment. Thereafter, 238 Rodney tendered the first installment payment and a confession of judgment, but they were rejected by the plaintiff. Thereafter, the plaintiff moved for leave to enter a judgment against 238 Rodney. The motion was granted by order of the Supreme Court dated August 21, 2017.
238 Rodney moved for leave to reargue its opposition to the plaintiff's motion. In an order dated October 15, 2018, the Supreme Court, inter alia, granted leave to reargue and, upon reargument, adhered to its prior determination in the order dated August 21, 2017. A judgment was entered upon the order dated August 21, 2017, and the order dated October 15, 2018, and 238 Rodney appeals from the judgment.
Where a stipulation is clear and unambiguous on its face, "'the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'" (Gluck v Gluck, 205 AD3d 1006, 1007, quoting Oakes v Oakes, 38 AD3d 865, 865). "The proper inquiry when determining whether an agreement is ambiguous is whether the agreement on its face is [*2]reasonably susceptible of more than one interpretation" (Matter of Blonder v Blonder, 171 AD3d 1043, 1045 [internal quotation marks omitted]; see Gluck v Gluck, 205 AD3d at 1007).
Here, the stipulation of settlement was unambiguous, and required 238 Rodney to execute a confession of judgment. The confession of judgment tendered by 238 Rodney included a global release which was not part of the parties' agreement as reflected in the stipulation of settlement. Under the circumstances, 238 Rodney breached the stipulation by not delivering a confession of judgment which was in accordance with the terms of the stipulation. Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to enter a judgment against 238 Rodney, and, upon reargument, properly adhered to that determination.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court