Herman v Herman (2023 NY Slip Op 05252)

Herman v Herman

2023 NY Slip Op 05252

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-05735
 (Index No. 203157/14)

[*1]Leslie Herman, respondent, 
v
Richard Herman, appellant.

Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY, for appellant.
Mejias, Milgrim, Alvarado & Lindo P.C., Glen Cove, NY (Katherine Lindo and David Mejias of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered June 29, 2015, the defendant appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered July 14, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for an award of child support add-on expenses in the sum of $31,128 and for an award of counsel fees, and denied the defendant's cross-motion to terminate his child support obligation as to the parties' older child, to direct the plaintiff to provide proof of child support add-on expenses henceforth, and to hold the plaintiff in contempt for failing to comply with the parties' stipulation of settlement.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for an award of child support add-on expenses in the sum of $31,128 and for an award of counsel fees, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment that incorporated but did not merge a stipulation of settlement. The plaintiff moved, inter alia, for an award of child support add-on expenses in the sum of $31,128 and for an award of counsel fees. The defendant cross-moved, among other things, to hold the plaintiff in contempt for failing to comply with the stipulation of settlement. In an order entered July 14, 2021, the Supreme Court, inter alia, granted the aforementioned branches of the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
The Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of child support add-on expenses in the sum of $31,128. "A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Kraus v Kraus, 131 AD3d 94, 100). "Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (Oakes v Oakes, 38 AD3d 865, 865). Here, the stipulation of settlement was unambiguous. It required the defendant to pay a certain percentage of child support add-on expenses incurred. It did not, however, obligate him to pay a set amount of add-on expenses irrespective of whether, in actuality, those expenses were incurred. The [*2]word "expenses," which the defendant was obligated to pay as add-ons, is commonly understood as meaning costs that are actually incurred.
In light of our determination regarding child support add-on expenses, the plaintiff is not entitled to an award of counsel fees pursuant to the stipulation of settlement.
The defendant's remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court