Barrezueta v Barrezueta (2024 NY Slip Op 04120)

Barrezueta v Barrezueta

2024 NY Slip Op 04120

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-03617
 (Index No. 5310/17)

[*1]Jim Barrezueta, respondent, 
v
Sylwia Barrezueta, appellant.

Richard Paul Stone, New York, NY, for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered June 20, 2019, the defendant appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated April 5, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were to enforce the parties' stipulation agreement by directing the plaintiff to transport the parties' child to supplemental schooling during the plaintiff's parental access time and for an award of counsel fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to enforce the parties' stipulation agreement by directing the plaintiff to transport the parties' child to supplemental schooling during his parental access time, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are divorced and have one child together. On March 15, 2019, the parties entered into a stipulation regarding custody and parental access (hereinafter the stipulation), which was incorporated but not merged into their judgment of divorce entered June 20, 2019. On weekends, the stipulation provided, in essence, that the parties would have the child on alternate Saturdays. The stipulation also provided, in relevant part, that the defendant would have final decision-making authority over, inter alia, the child's education, choice of school, course of study, and other "[m]ajor [d]ecisions" in the child's life. However, despite the establishment of the defendant's final authority over major decisions, the stipulation also required the parties to "consult and endeavor in good faith to agree with each other" before making any such decision. Further, under certain circumstances, the parties were required to transport the child to activities scheduled by the other parent.
In or around September 2020, the parties disagreed with respect to whether the child would attend supplementary "Polish school," which was to occur every Saturday for three hours. The plaintiff did not object to the child's attendance on the Saturdays on which he was in the defendant's care, but refused to bring the child to school on the Saturdays on which the plaintiff had parental access. The defendant communicated to the plaintiff that this was contrary to the authority granted to her by the stipulation, and offered to switch days with the plaintiff so that the school would not interfere with the plaintiff's parental access time, but the plaintiff did not agree. Thereafter, the defendant moved, inter alia, to enforce the stipulation by directing the plaintiff to transport the child to Polish school on those Saturdays on which he had parental access and for an award of counsel fees. By order dated April 5, 2021, the Supreme Court denied the defendant's [*2]motion.
"'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation'" (Matter of Murphy v Murphy, 166 AD3d 779, 779, quoting Frances v Frances, 140 AD3d 1114, 1115 [internal quotation marks omitted]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent, and the best evidence of what parties to a written agreement intend is what they say in their writing" (Del Vecchio v Del Vecchio, 219 AD3d 572, 575 [alterations and internal quotation marks omitted]). "'Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'" (Herman v Herman, 220 AD3d 849, 850, quoting Oakes v Oakes, 38 AD3d 865, 865).
Here, the defendant sufficiently complied with the terms of the stipulation requiring the parties to consult and endeavor in good faith to agree with each other with respect to major decisions, which included decisions related to the child's education and course of study. Since the parties could not agree, the Supreme Court should have granted that branch of the defendant's motion which was to direct the plaintiff to transport the child to the school on the Saturdays on which he had parental access, pursuant to the defendant's final authority to make such decisions (see Matter of Murphy v Murphy, 166 AD3d at 780; Friedman v Friedman, 143 AD3d 665, 667-668; Winslow v Winslow, 205 AD2d 620, 620).
However, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for an award of counsel fees (see Matter of Marotta v Marotta, 218 AD3d 468, 470; Frantz v Marchbein, 216 AD3d 746, 749; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 132 AD3d 684, 685; Katz v Katz, 55 AD3d 680, 684; Kiperman v Steinberg, 234 AD2d 518, 519).
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court