Scolavino v Scolavino (2026 NY Slip Op 01546)

Scolavino v Scolavino

2026 NY Slip Op 01546

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-11401
 (Index No. 500918/23)

[*1]Katrina G. Scolavino, appellant,
vJoseph E. Scolavino, respondent.

Miller Zeiderman LLP, White Plains, NY (Faith G. Miller and Benjamin E. Schub of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Matthew C. Kesten of counsel), for respondent.
Arlene Gold Wexler, Mamaroneck, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated October 15, 2024. The order, insofar as appealed from, granted those branches of the defendant's motion which were for declarations that a so-ordered stipulation of settlement dated July 8, 2024, required the parties to consult in good faith and reach joint decisions regarding all major decisions concerning their children and that such major decisions included matters beyond the children's health, education, and religion.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2023, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a so-ordered stipulation of settlement dated July 8, 2024, which included, inter alia, terms relating to custody and parental access of the parties' two children. The stipulation provided, among other things, that "[t]he parties in this matter will have joint legal custody of the two minor children," that "[t]he parties are going to utilize . . . a parent coordinator solely for major decisions of health, education and religion," and that the parties would "be guided by the recommendation of the [parent coordinator] in making major decisions," with the party whose position the parent coordinator supported being permitted to implement that decision, subject to the other party's right to seek a stay from a court of competent jurisdiction. The stipulation further provided that the plaintiff would have primary residential custody of the children, subject to the defendant's parental access schedule, and that each party would be entitled to make the day-to-day decisions for the children while they were in his or her care.
In September 2024, the defendant moved for declarations, among other things, that the stipulation (1) required the parties to consult in good faith and reach joint decisions regarding all major decisions concerning the children, and (2) defined major decisions to include not only matters of the children's health, education, and religion, but also decisions relating to dental, therapeutic, and psychiatric treatment, extracurricular activities, summer camp and summer programs, day care and day care facilities, and tutoring. The plaintiff opposed the motion. In an [*2]order dated October 15, 2024, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for declarations that the stipulation required the parties to consult in good faith and reach joint decisions regarding all major decisions concerning the children and that such major decisions included matters beyond the children's health, education, and religion. The plaintiff appeals.
"A stipulation of settlement is a contract subject to the principles of contract construction and interpretation" (Sabau v Sabau, 222 AD3d 1017, 1019). "A court should interpret the stipulation in accordance with its plain and ordinary meaning, and 'arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized'" (id., quoting Matter of Schiano v Hirsch, 22 AD3d 502, 502). "'Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'" (Herman v Herman, 220 AD3d 849, 850, quoting Oakes v Oakes, 38 AD3d 865, 865). "Joint custody reposes in both parents a shared responsibility for and control of a child's upbringing" and thus requires "the parties . . . to communicate and cooperate on matters concerning the child" (Matter of Lee v Fitts, 147 AD3d 1058, 1059 [internal quotation marks omitted]).
Here, the stipulation, as placed on the record in open court, is clear and unambiguous (see Herman v Herman, 220 AD3d at 850). Read as a whole, the stipulation reflects the parties' agreement to share joint legal custody of the children and, consistent with the ordinary meaning of that term, to consult in good faith and attempt to jointly resolve all major decisions concerning the children, while specifically carving out a subset of such decisions—those relating to health, education, and religion—for nonjudicial dispute resolution through the parent coordinator (see Matter of Lee v Fitts, 147 AD3d at 1059). Issues such as dental care, summer camp, summer programs, day care, therapy, psychiatric care, and extracurricular activities fall within the umbrella of the categories in the stipulation for which nonjudicial dispute resolution applies.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for declarations that the stipulation required the parties to consult in good faith and jointly resolve all major decisions concerning the children and that such major decisions included matters beyond the children's health, education, and religion.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court